## CONLISK v. BENDER. (No. 6512.)

(Court of Civil Appeals of Texas. Austin. Dec. 13, 1922.)

1. **Trial ⬅➡315—Misconduct of jury in determining amount of verdict before answering special issues requires reversal.**

For a jury first to determine that they will give plaintiff a verdict, and to determine the amount before answering special issues, and then frame their answers to conform to such finding, is such misconduct as requires a reversal.

2. **Appeal and error ⬅➡1003—No reversal on appeal on ground that verdict is against preponderance of evidence unless jury influenced by prejudice.**

An appellate court will not reverse a case on the ground that the verdict is contrary to the preponderance of the evidence unless it clearly appears that the jury was influenced by passion or prejudice.

3. **Trial ⬅➡124—Counsel's argument that defendant's negligence in not taking insurance under Liability Act resulted in damage to plaintiff improper.**

Argument of plaintiff's attorney that defendant could have taken insurance under the Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), and that his failure to do so resulted in damage to plaintiff, was improper.

Appeal from District Court, Bell County; M. B. Blair, Judge.

Action by Albert R. Bender against J. B. Conlisk. From a judgment for plaintiff, defendant appeals. Reversed, and remanded for new trial.

W. S. Lemly and Edmund Heinsohn, both of Temple, for appellant.

Jno. B. Daniel, of Temple, for appellee.

JENKINS, J. Appellee, while operating a machine in appellant's planing mill, had three of his fingers cut off. He brought this suit to recover damages, alleging that the machine which he was operating was dangerous; that he was inexperienced in reference to the same; that the danger was unknown to him; that he was not warned as to such danger, and not instructed how to operate the machine to avoid being injured.

The case was submitted upon special issues, all of which in reference to the above allegations were answered in favor of appellee. Among other issues submitted were the following:

"No. 5. If you have answered each of the foregoing special issues Nos. 1, 2, 3, and 4 'No,' then say whether or not such failure, if such you find there was, was negligence on the part of Frank Hay.

"No. 6. If you have answered special issues Nos. 1, 2, 3, and 4 in the negative, that is,

'No,' then say whether or not such failure, if such you find there was, was the proximate cause of the accident which injured plaintiff. * * *

"No. 8. If, in answer to the last question, you should say 'No,' then say whether such failure of duty upon the part of the defendant or his foreman, if any you find there was, was the proximate cause of plaintiff's injury."

To each of said questions the jury as their verdict was first returned into court answered "No." If these answers had been permitted to stand, of course the plaintiff could not have recovered, notwithstanding the answers to the other questions. The Frank Hay referred to in the foregoing question was the foreman of appellant's planing mill.

The undisputed evidence shows that, when the jury retired to consider of their verdict, the first thing they did was to determine whether or not the plaintiff was entitled to damages, and they agreed that he was. The next thing was as to the amount, and they agreed on $500. They then took up the special issues, and answered them, intending to so frame their answers as to enable the plaintiff to recover $500 damages. When they came into court and the judge read their answers, it was then made known to them that their answers to special issues Nos. 5, 6, and 8 would defeat recovery upon the part of the plaintiff. They then retired and changed their answers so as to read "Yes" instead of "No" to special issues Nos. 5, 6, and 8.

[1] For a jury to first determine that they will give a plaintiff a verdict, and to determine the amount before they have answered the special issues, and to then frame their answers so as to conform to such finding, is such misconduct as requires a reversal of the case. The jury should answer special issues as they find the facts to be from the evidence, without regard to its effect upon the judgment to be rendered in the cause. The principal object in submitting a question to a jury upon special issues is that they should be relieved from any bias or prejudice in favor of or against the parties by reason of the effect of their answers, and that they should answer each question truly as they find the fact to be from the evidence in reference thereto. Clearly this was not done in the instant case.

[2] Appellant makes numerous assignments of error as to the findings of the jury on the other issues, in which he submits the proposition that this case should be reversed because the verdict of the jury is contrary to the preponderance of the evidence. It has been uniformly held in this state, from the organization of our first Supreme Court to the present time, that an appellate court will not reverse a case upon the ground that the verdict is contrary to the preponderance of the evidence, unless

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

it should clearly appear that the jury was influenced by passion and prejudice. Such might be the case where the evidence as to conflicting facts was sharply conflicting, and the verdict for damages was not only against the preponderance of the evidence, if a number of witnesses be made the test as to preponderance, but also that the verdict was so excessive in amount that it would be unconscionable to allow the same to stand, and that it could be accounted for only on the ground of passion and prejudice. The statute makes the jury the exclusive judge of the credibility of witnesses and the weight to be given to their testimony, and, except in the instance mentioned, an appellate court has nothing to do with the issue as to the preponderance of evidence, or the credibility of witnesses. This has been so frequently decided that it would seem that attorneys would realize that it was useless to assign as error that the verdict of the jury is contrary to the preponderance of the evidence, when there is sufficient evidence in the record to sustain the verdict, if believed by the jury. This statement is not made by way of rebuke to attorneys for appellant herein, but because of the frequency with which such assignments are made.

[3] Complaint is made of argument by attorney for the appellee, in that he told the jury that appellant could have taken insurance under the Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), and his failure to do so resulted in damage to the plaintiff. This argument was improper, and, we presume, will not be repeated upon another trial of this cause.

On account of the misconduct of the jury as hereinabove set out, the judgment of the trial court is reversed, and this cause remanded for a new trial.

Reversed and remanded.