## GULF, C. & S. F. RY. CO. v. HARVEY.
### (No. 527–4207.)

(Commission of Appeals of Texas, Section B. Oct. 28, 1925.)

1. **Appeal and error** ⊕⟹1095—**Findings of fact found by Court of Civil Appeals, upon trial court's failure to make findings, held to control commission of appeals.**

Findings of fact by the Court of Civil Appeals, upon the trial court's failure to make findings on motion for new trial based on misconduct of jury, *held* to control Commission of Appeals.

2. **New trial** ⊕⟹143(1)—**Verdict of jury cannot be impeached by ex parte affidavits of members alone.**

Verdict of jury cannot be impeached by ex parte affidavits of members alone.

3. **New trial** ⊕⟹44(1), 56—**Making and attempted execution by jury of agreement to allow plaintiff agreed damages and to answer other questions to permit recovery by her held misconduct of jury, and prejudicial.**

In action for personal injuries, the making and attempted execution by jury of agreement to allow plaintiff agreed damages and to answer other questions so as to permit a recovery by her, by virtue of which agreement a juror, under a mistake of fact, answered affirmatively on the special issue of contributory negligence, *held* misconduct within Rev. St. 1925, art. 2234, and prejudicial to plaintiff.

4. **New trial** ⊕⟹56—**Party prejudiced by misconduct of jury when complaining thereof is entitled to have verdict set aside.**

Where a jury has been guilty of misconduct, resulting in injury to party complaining thereof, the latter, upon establishing the alleged misconduct, is entitled to have the verdict set aside upon that ground alone.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by Beatrice Harvey by next friend, against Gulf, Colorado & Santa Fé Railway Company. Judgment for defendant was reversed by Court of Civil Appeals (261 S. W. 197), and defendant brings error. Judgment of Court of Civil Appeals affirmed, judgment

of trial court set aside, and case remanded for new trial.

Terry, Cavin & Mills, of Galveston, W. W. Hair, of Temple, and Lee, Lomax & Wren, of Fort Worth, for plaintiff in error.

A. L. Curtis, of Belton, and Winburn Pearce, of Temple, for defendant in error.

SHORT, J. The only question here presented involves the alleged misconduct of the jury, the particular nature of which will be discussed. This suit was instituted in the district court of Bell county by defendant in error, as plaintiff, to recover damages of the plaintiff in error because of personal injuries sustained by her as the result of falling in the aisle of a railway coach upon which she was a passenger. Upon a trial the case was submitted upon special issues, and the jury answered, in effect, that the plaintiff in error was guilty of doing the things alleged in the petition whereby the defendant in error received injuries, and that in doing these things it was guilty of negligence, and that the things alleged as having caused the injuries was the proximate cause of the injuries inflicted; the amount of the damages being assessed at $2,500. However, the jury found, in response to an issue submitted, that the defendant in error was guilty of contributory negligence in going back to the end of the car and standing while the same was in motion. This verdict having been returned, the trial court rendered judgment that the defendant in error take nothing. The motion for new trial, which was overruled, was based upon the ground that the answer returned as to contributory negligence did not represent the verdict of a majority of the jury, and resulted from the misconduct, mistake, or misunderstanding of the juror who wrote the answer directly contrary to the answer as given by a majority of the jurors, and also that the findings of the jury were the result of the misconduct on the part of the jury in receiving and considering other evidence in communication than that which had been introduced before them, because the answers were conflicting, and because there was not sufficient evidence to support the finding of contributory negligence; "also, when the amount was agreed upon, it was the further agreement questions then to be answered favorably to plaintiff." Upon appeal to the Court of Civil Appeals the judgment of the trial court was reversed and the case remanded upon the ground that the jury was guilty of misconduct. The motion for rehearing in the Court of Civil Appeals having been overruled, the application to the Supreme Court was granted, and the case is here for our consideration upon the record, of which the foregoing is a brief synopsis.

The plaintiff in error submits 12 assignments of error, each and all of which assails

⊕⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the judgment of the Court of Civil Appeals as being erroneous. Since we have concluded that the judgment of the Court of Civil Appeals is correct, and that the case must be retried, we do not think it necessary to set out and discuss in detail each one of these assignments of error. The bill of exception taken to the action of the trial court in overruling the motion for new trial affirmatively shows that all of the members of the jury testified with reference to the alleged misconduct, and that the trial judge, after hearing all of this testimony, made the following statement:

"Believing the effect of the motion and testimony is but to impeach the verdict of the jury, and was not such misconduct as is contemplated by the statute, it becomes my duty to overrule the motion."

We cannot escape the conclusion that the true construction of this language is that the trial court did not attempt to find any facts involved in the controversy, but was of the opinion that the evidence was incompetent as a matter of law to establish any of the allegations of misconduct in the motion, and for that reason, the motion was overruled. If the trial judge had not affirmatively stated the ground upon which he based his action in overruling the motion, the Court of Civil Appeals, as well as this court, would have been compelled to accept the proposition that the trial court has passed upon the truth of the allegations as to misconduct and had found them not sustained. This character of finding on the part of the trial judge would have compelled the Court of Civil Appeals, as well as this court, to determine whether the evidence taken and considered by the trial judge left it reasonably doubtful as to the effect the alleged misconduct had upon the verdict of the jury, giving to the judgment of the trial judge due weight and consideration in passing upon this question. However, we are not confronted with this situation. But the question is presented whether the statement made as quoted is correct, as a matter of law.

The jury began to consider the case Friday evening, and the first vote taken on the question of contributory negligence was about midnight; eight of the jury voting "No" and the remaining three "Yes," one juror having been by agreement excused from the panel. One of these three jurors who voted "Yes" soon after came over to the majority view to answer this question "No," but jurors Henderson and Taylor maintained that it should be answered "Yes." No agreement was reached Friday night on this question. On the following morning juror Henderson induced the other jurors to go with him before the court in order that he might propound the following question prepared by him to the court:

"Taking into consideration paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 in your charge, together with the special issues 1, 2, 3, 4, 5, 6, can this jury answer the first question 'Yes' and the second question 'No,' and find any damages for the plaintiff?"

The court answered the inquiry as follows:

"The matters inquired about by you are as definitely and as clearly covered by the court's charge as it is permissible for the court to instruct you, and you should answer said issues according to the court's instructions, without reference to the legal effect of what your answers may be."

[1] When this instruction had been received, and the jury had retired, it proceeded to take up and discuss the question relating to damages. The jury disagreed on this question; some being for a large amount, some for a small amount, while juror Henderson was averse to allowing any. This discussion upon this question continued until some time during the afternoon of Saturday without any agreement having been reached. In the meantime, no mention had been made of the issue of contributory negligence. The jury being disagreed on the question of damages as above stated, juror Henderson then proposed that, if all the jury would agree upon $2,500 damages, that then he as well as all of the jury would answer the questions in such a way as to allow the defendant in error a recovery for that amount. This proposition was unanimously accepted. They then proceeded to read the questions from the beginning and insert the answers in accordance with this agreement to each question as reached. However, when they reached the question as to whether defendant in error was guilty of contributory negligence, there arose a dispute as to whether it was material to the agreement which they had made that this issue be determined in the negative or in the affirmative. When this dispute arose, nine of the jurors testified that either Henderson or some other juror made the statement that it would make no difference how that question was answered, as the defendant in error would get the money anyway under the other answers finding the plaintiff in error guilty of negligence and allowing damages. Henderson denied that he made such statement, but admitted that he made the proposition to give $2,500 damages, and agreed to answer the questions propounded by the court so as to allow her to recover the damages so assessed. Seven of the jurors testified that they voted "No" on the question of contributory negligence at all times, and thought it had been so answered until after they were discharged. Two of the jurors testified that they agreed to answer this question only upon the representation of Henderson that it could not affect their verdict to allow damages in view of their answers to the other questions. Henderson and Taylor testified that all the jury agreed to vote finding the defendant in error guilty of contributory neg-

ligence on Friday night, and Taylor testified that he wrote the answer as they voted Friday night and not on Saturday, and he did not recall the question being again discussed on Saturday. The Court of Civil Appeals found the foregoing facts, and also found as a fact that the evidence indicates a mistake on the part of juror Taylor in writing "Yes" to the question of contributory negligence, when in fact it should have been answered "No." These findings of fact necessarily control us in passing upon the law questions presented.

The contention of the plaintiff in error may be briefly stated to be that, if the misconduct of the jury as contemplated by the statute was shown without dispute, and it was reasonably doubtful whether the verdict was thereby influenced, an appellate court is authorized to substitute its judgment for that of the trial court in cases where the allegations and legitimate evidence tend to establish misconduct within the meaning of the law, but that the record in this case fails to show any such misconduct.

[2] As has been seen, the jury were expressly directed by the judge to disregard the legal effect of their answers to the questions submitted, but to answer each according to the court's instructions. And yet, in violation of this express direction, they made an agreement to give the defendant in error a certain sum as damages, and then to answer the other questions so as she should "get the money." This precise situation was presented in Conlisk v. Bender (Tex. Civ. App.) 245 S. W. 941, and it was in that case held that this was such misconduct as the statute contemplated; the court saying in support of its holding that this action was the principal evil which the law sought to remedy. We recognize the rule that the verdict of a jury cannot be impeached by the ex parte affidavits of the members alone. Letcher v. Morrison, 79 Tex. 240, 14 S. W. 1010. Doubtless the Legislature had this rule founded in good reason, as we conceive it to be, in view when it enacted the law we are discussing. This law in terms provides that the evidence of jurors shall be heard in open court in reference to the question of the misconduct of the jury. This course was adopted by the trial judge, and evidence of the members of the jury was taken in open court and duly preserved in a bill of exceptions approved without qualification. All of the facts admitted without objection are before us for consideration, subject only to the findings of fact by the Court of Civil Appeals, based upon the evidence found in the record. Hines v. Parry (Tex. Com. App.) 238 S. W. 886; Watts v. Holland, 56 Tex. 61; H. & T. C. Ry. Co. v. Gray, 105 Tex. 42, 143 S. W. 606. In the case last cited our Supreme Court affirmatively stated that even that court is authorized to set aside the judgment of the trial court overruling a motion for new trial based upon the misconduct of the jury, "if the evidence taken by the trial judge left it reasonably doubtful as to the effect of the statement had upon the amount of the verdict of the jury." There is no conflict in the testimony as to the fact that the agreement was made. All the jurors who testified with relation thereto are in accord that the agreement was made after the court had specially instructed the jury to answer the question without regard to the legal effect of the answers. The terms and conditions of the agreement are likewise shown without substantial difference. The essence of this agreement was that all the other questions should be answered so that the defendant in error "would get the money." Regardless of the legal effect of the execution of the agreement upon the rights of either party, the making of it and attempted execution of it was misconduct, and in this case the result was to deprive the defendant in error of her right to have all the issues determined by the unbiased judgment of each individual member of the jury. No agreement could lawfully have been made such as was made. Its making was an infringement of the legal rights of both parties and a violation of the orders of the court, from which manifest injury to the defendant in error ultimately resulted.

In the case of Payne v. Smith (Tex. Civ. App.) 266 S. W. 441, the trial court told the jury not to consider certain testimony as to the amount paid by the plaintiff for medical services. Upon motion for new trial two of the jurors testified the jury had included in the amount found for the plaintiff this sum. The trial court denied the motion, and the Court of Civil Appeals held this was error, citing with approval Southern Traction Co. v. Wilson (Tex. Com. App.) 254 S. W. 1104; H. & T. C. Ry. Co. v. Gray, 105 Tex. 42, 143 S. W. 606; Hines v. Parry, 238 S. W. 886; Payne v. Harris (Tex. Com. App.) 241 S. W. 1008; and San Antonio Traction Co. v. Cassanova (Tex. Civ. App.) 154 S. W. 1190. In the case last cited it is expressly held that the action of the jury in disregarding the instruction of the court was such misconduct as to require the granting of a new trial. The following language, used by Judge Richard S. Walker in Watts v. Holland, supra, is deemed appropriate to the discussion of the proposition as applicable to article 2234 of the Revised Statutes of 1925, which is the same as article 2021 of the Revised Statutes of 1911, to wit:

"Whilst an appellate court will very properly refuse ordinarily to revise the action of an inferior court as to matters which are confided to the discretion of the judge below in the administration of that class of rules which in their nature are not susceptible of being revised so as to determine whether the discretion has been abused or not, yet where that discretion thus confided involves the duty of a

court to accord to a party a right necessary to the attainment of justice in determining his right to life, liberty or property, and, as a matter of law, in the given case, it is apparent that the party was entitled to have that discretion exercised in his favor, the reason of the ordinary rule of not revising the action of the court below ceases, and it ought to be revised just the same as any other alleged error."

There is no affirmative testimony that the agreement to permit the defendant in error to recover $2,500 as damages and then to answer the other questions so she would get the money was not made. All of the jurors who testified about the agreement say it was made. Juror Henderson, testifying at the instance of plaintiff in error, says:

"My proposition, in effect, to the jury was that I would come up from nothing to $2,500 if they would come from $15,000 down to $2,500, or whatever amount they were for, and, in order to give the girl the money, we would all have to answer question No. 2 'Yes,' and that we would so answer the question that the girl would get the money, and the jurors accepted that proposition, and that was the way the verdict was reached on that question. I was doing my best to give her $2,500."

Likewise juror Taylor, who also was placed on the stand by the plaintiff in error, says:

"Mr. Henderson was the last man to come over. I remember that he made the other jurors a proposition that if they would agree to $2,500 he would agree to that amount, and also would agree to answer the questions so that the plaintiff would get the money. That is the way I understood it, and the jurors agreed to accept that proposition. We thought that the plaintiff would get the money regardless of how question No. 4 was answered."

We find no affirmative conflict in the testimony with reference to the fact that the agreement was made. Its making was in the very teeth of the instructions given them by the trial court, to obey which was their duty as jurors. The statute expressly states that the trial court shall in open court hear evidence relating to the misconduct of the jury, and especially authorizes it to receive the testimony of the jurors who constituted the jury in passing upon the question. This renders competent such testimony so taken, and in no way violates the proposition that the verdict of a jury cannot be impeached by the sworn statements of individual jurors made out of court or even in court, except under the conditions prescribed by this article. We think the trial judge, in disposing of

the motion based upon the misconduct of the jury, evidently did not intend to make any specific findings of fact, but in overruling the motion rested his decision upon a question of law, and that the Court of Civil Appeals was correct in holding that an error of law was committed by him in reaching the conclusion that the testimony did not show such misconduct as is contemplated by the statute. We are further of the opinion that the evidence taken by the trial judge in open court relating to the question of the misconduct of the jury left it reasonably doubtful as to the effect the agreement made by the jury among themselves had upon the legal rights of the defendant in error to have the facts found without bias in her favor or prejudice against her by a jury who were willing to obey the instructions given by the trial court for their guidance in determining those facts.

[3, 4] The Court of Civil Appeals having found that the evidence indicates a mistake of fact on the part of juror Taylor in writing the answer of the jury to the question relating to the alleged contributory negligence of the defendant in error, a reading of the testimony set out in the bill of exceptions taken to the action of the court in overruling the motion for new trial based on this ground of misconduct has convinced us that this mistake of fact would not have occurred had not the agreement been made to allow the defendant in error to recover $2,500 as damages, and then to answer the remaining questions so she would get the money. We therefore have reached the conclusion that this mistake of fact occurred under such circumstances and conditions as constitutes misconduct within the meaning of the law, and, if we are correct in this conclusion, then it inevitably follows that the defendant in error was injured on account of the making of this mistake. Where a jury has been guilty of misconduct resulting in an injury to a litigant who complains thereof, the complaining party, upon due proof of this condition, is entitled to have the verdict set aside upon that ground alone.

Having reached the conclusion that the opinion of the Court of Civil Appeals has correctly decided the law of this case, we recommend that this opinion be affirmed, and in accordance therewith that the judgment of the trial court be set aside and the case remanded for a new trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.