## GULF, C. & S. F. RY. CO. v. HARVEY.
### (Motion No. 6846.)

(Commission of Appeals of Texas, Section B. Dec. 10, 1925.)

**1. New trial ⬤⟿44(1)—No trial by impartial jury, where misconduct as to material matters.**

There can be no trial by an impartial jury, within Bill of Rights, § 10, where there has been misconduct by jury in trial of any case as to material matters.

**2. Appeal and error ⬤⟿1015(5)—When ruling of trial judge as to motion for new trial must be sustained stated.**

Where trial judge passes judgment on motion for new trial founded on alleged misconduct of jury, appellate court must sustain finding of trial court, if evidence taken by him does not leave it reasonably doubtful as to effect of misconduct on verdict rendered.

**3. Appeal and error ⬤⟿1015(5)—Appellate court must determine whether evidence, taken on motion for new trial, left it reasonably doubtful as to effect of jury's alleged misconduct on verdict.**

Where record affirmatively shows that trial judge, in passing on motion for new trial for misconduct of jury, declined to consider testimony on ground that same was incompetent to sustain allegations of misconduct, appellate court must determine whether evidence taken left it reasonably doubtful as to effect alleged misconduct had upon verdict.

**4. Appeal and error ⬤⟿1015(5)—Certainty not required in determining whether judgment should be reversed for misconduct of jury.**

Certainty is not required to reverse a judgment for alleged misconduct of jury; test being whether record exhibits ground for reasonable doubt as to purity of verdict.

**5. Appeal and error ⬤⟿933(4)—Vicious effect on verdict assumed, where one or more jurors were influenced.**

A vicious effect must be assumed to have resulted upon verdict from jury's misconduct, where it appears that one or more jurors were influenced.

Error to Court of Civil Appeals of Third Supreme Judicial District.

On motion for rehearing. Motion overruled.

For original opinion, see 276 S. W. 895.

SHORT, J. [1-5] It is provided in the Bill of Rights that the right of trial by a jury should remain inviolate, and the character and kind of jury evidently meant is an impartial one, since another section of the Bill of Rights provides for a trial by an impartial jury of the citizen charged with violation of the criminal laws. There can be no impartiality where there has been misconduct by a jury in the trial of any case as to material matters. There can be no question that the assignments of error in the application presented the question whether there had been misconduct of the jury in the trial of the case. The excerpt from the bill of exception indicating that the trial judge did not pass upon the questions of fact presented in the motion for a new trial, based upon the alleged misconduct of the jury as contained in our opinion, was not treated as an assignment of error. Its mention appeared to be necessary to indicate the state of the record on this subject. Usually the trial judges do pass judgment upon motions for new trial founded upon the alleged misconduct of juries, and, having done so, appellate courts are compelled to give due consideration of this fact, and must sustain the finding of the trial judge, if the evidence taken by him does not leave it reasonably doubtful as to the effect of the matters alleged to constitute misconduct had upon the verdict rendered. Where the record affirmatively shows that the trial judge declined to consider the testimony on the ground that the same was incompetent to sustain the allegations of misconduct, the appellate court has not had the advantage of the judgment of the trial judge on these matters, but nevertheless is charged with the duty to determine whether the evidence taken left it reasonably doubtful as to the effect the alleged misconduct had upon the verdict. This we did upon the consideration of the record in this case, and reached the conclusion that the evidence taken left it reasonably doubtful as to the effect the alleged misconduct had upon the verdict of the jury, and, in accordance with the decisions of the Supreme Court, some of which are cited in our opinion, we reached the conclusion that there was misconduct such as required a reversal of the judgment on that ground. As has been said on this subject in the case of Moore v. Ivey et al., 277 S. W. 106, the judgment of which has been approved by the Supreme Court since the judgment in this case was approved, in matters of this kind "certainty is not required; the test is whether the record exhibits ground for reasonable doubt as to the purity of the verdict." Without regard to the language used by each juror in giving his testimony as to what occurred in the jury room, there can be no doubt, in our opinion, that the record, as a whole, exhibits grounds for reasonable doubt as to the purity of the verdict in this case, and, considering the record as a whole, such facts and circumstances appear that we believe it is reasonably certain that one or more jurors were influenced, and, such being the situation, a vicious effect must be assumed to have resulted upon the verdict.

Again, quoting from the case of Moore v. Ivey et al., "because of belief that the verdict in material respects is tainted with im-

---

proper influence, and the certainty that there exists substantial ground for a reasonable doubt as to its purity," we believe that the judgment handed down by this court and approved by the Supreme Court correctly decides the case, and we therefore recommend that the motion for rehearing be overruled.