**OIL WELL SUPPLY CO. et al. v. MARCH-
MAN. (No. 3332.)**

Court of Civil Appeals of Texas. Texarkana.
Jan. 13, 1927.

**1. New trial ⏥44(3), 73—Granting new trial
because plaintiffs argued, and jury considered,
matters not pleaded nor in evidence, and jury
answered issues to effect certain result, not
on merits, held not error (Rev. St. 1925,
arts. 7402-7425).**

In suit under Rev. St. 1925, arts. 7402-7425,
between creditors to determine which was en-
titled to certain of debtor's property, the grant-
ing of a new trial for improper argument of
plaintiffs' counsel and misconduct of jury *held*
not error, where plaintiffs' counsel argued that
plaintiffs' debts were incurred for the pur-
chase price of the property in controversy and
for board and lodging, and that defendant's debt
was incurred for rent of drilling outfit, which
was benefited by the use made of it, and jury
considered nature of debts due plaintiffs, and
there was no pleading or evidence of the na-
ture of the debts due plaintiffs, nor that drill-
ing outfit was benefited by use made of it,
and jury tried to answer special issues so as
to give defendant but part of his claim, and
not on merits.

**2. Appeal and error ⏥854(6)—Order grant-
ing new trial will not be reversed, if motion
for new trial should have been granted on
any grounds specified.**

If motion for new trial should have been
granted on any ground specified in the motion,
order granting it will not be reversed by Court
of Civil Appeals, regardless of whether the
motion should have been granted on the grounds
specified by the trial court.

**3. Appeal and error ⏥933(4)—Granting mo-
tion for new trial on one ground gave rise to
no presumption that other grounds were over-
ruled.**

That new trial was granted on ground of im-
proper argument and improper conduct of jury
gave rise to no presumption that other grounds
of motion for new trial were considered and
overruled.

**4. Appeal and error ⏥901—On appeal from
order granting new trial, appellant has bur-
den of showing that order was error.**

Appellant has burden of showing that order
granting new trial was reversible error when
he appeals therefrom the same as he must in
other cases.

Appeal from District Court, Smith County;
J. R. Warren, Judge.

Suit by Oil Well Supply Company and an-
other against R. G. Marchman, under Rev.
St. 1925, art. 7402-7425. Judgment was ren-
dered for plaintiffs. From an order granting
a new trial, plaintiffs appeal. Affirmed.

The appeal is from an order granting ap-
pellee, Marchman, a new trial in a statutory
(articles 7402-7425, R. S. 1925) trial of right

of property suit, in which judgment was ren-
dered against him in favor of the appellant
Oil Well Supply Company and the appellant
J. B. Peabody for $3,500, the value of cer-
tain iron piping levied upon by virtue of
writs of attachment issued at appellants'
instance in suits by them against one W. F.
Weeks, who owned the property, and who,
appellants claimed, was indebted to them.
Appellee was the "claimant" in the court be-
low. His contention was that Weeks was
indebted to him also, and had turned the
piping over to him to hold as security for
the payment of such indebtedness. Grounds
(among others) of the motion for a new trial
were that the findings of the jury on which
the judgment was based were not supported
by the testimony; that the jury was guilty
of misconduct in ways specified; and that
specified argument of counsel for appellants
to the jury was improper and prejudicial to
rights of appellee. It appears from recitals
in the order disposing of the motion for a
new trial that it was granted "on grounds
(quoting) of misconduct of the jury and im-
proper argument of counsel" as set forth in
the motion.

It appears in the record that the judgment
set aside was based on findings (not impor-
tant to state) the court made and answers
the jury made to special issues as follows
submitted to them:

"(1) Did W. F. Weeks, before leaving Smith
county, authorize R. G. Marchman to take pos-
session of and hold the property in question as
security for the debt Weeks owed Marchman?
Answer: No.

"(2) Did R. G. Marchman, acting upon au-
thority given him by Weeks (if you find he was
given such authority) either in person or by
agent, take possession of the property in ques-
tion? Answer: No.

"(3) What amount does W. F. Weeks owe R.
G. Marchman? Answer: $1,750."

The conduct charged against the jury,
which testimony at the hearing on the mo-
tion tended to establish, was: (1) That they
discussed and considered as facts that the
claim of the Oil Well Supply Company was
for the purchase price of the property in
controversy, sold by it to Weeks, and that
the claim of Peabody was for board and
lodging he had furnished Weeks, whereas
there was no testimony showing what said
claims, respectively, were for; and (2) that
the jury thought the indebtedness of Weeks
to Marchman was $1,750 instead of $3,000
as claimed by the latter, and that the $1,750
should be paid out of the proceeds of a sale
of the property in controversy, worth $3,500,
and that the remainder of such proceeds
should be applied on indebtedness of Weeks
to appellants, and discussed and considered
how said questions 1 and 2 should be an-
swered in order to have said proceeds so
applied, concluding same would be applied

that way if they answered said questions in the negative, and that, if they answered same in the affirmative, the full amount of $3,000 claimed by Marchman would be paid out of said proceeds.

The argument of counsel complained of in the motion was that questions 1 and 2 should be answered by the jury in the negative because the indebtedness of Weeks to the Oil Well Supply Company was for the purchase price of the property in controversy, and his indebtedness to Peabody was for board and lodging, whereas Weeks' indebtedness to Marchman was for rent of a drilling outfit, which had been benefited instead of injured by use Weeks had made of it. The complaint because of the argument was based on the fact that there was neither pleading nor evidence showing what Weeks' indebtedness to the Oil Well Supply Company and Peabody was for, nor the effect on the drilling outfit of use Weeks made of it.

Lasseter & Simpson, of Tyler, for appellants.

Bulloch & Ramey, of Tyler, for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] We are not satisfied it was error to grant the new trial on the grounds specified in the trial court's order (Conlisk v. Bender [Tex. Civ. App.] 245 S. W. 941; Harvey v. Ry. Co. [Tex. Civ. App.] 261 S. W. 197; Gulf, O. & S. F. R. Co. v. Harvey [Tex. Com. App.] 276 S. W. 895; Id. [Tex. Com. App.] 278 S. W. 839; Coons v. Culp [Tex. Civ. App.] 278 S. W. 914); but, if we were, we would not disturb the judgment, for, as we view the record, there is nothing in it showing the new trial should not have been granted on other grounds of the motion. If it should have been, then, without respect to whether it should have been granted on the grounds specified by the trial court or not, the judgment is not erroneous, and should not be disturbed by this court.

[3] We do not think a presumption that the trial court considered and overruled the other grounds of the motion should be indulged, for, having determined that appellee was entitled to a new trial because of argument of counsel and conduct of the jury, there was no reason why the court should have considered other grounds of the motion.

[4] If we were called upon to determine whether other grounds of the motion should have been sustained or overruled, we could not do so, for the record sent to this court was not accompanied by a statement of facts. The burden was on appellants to show error in the judgment entitling them to have it reversed here, and we do not think they have done so.

In Missouri, and perhaps in other states, it is held that the effect of specifying the grounds upon which a new trial is granted is to overrule all other grounds of the motion (James v. Butcher [Mo. App.] 215 S. W. 767; Dietrich v. Ice Co. [Mo. Sup.] 286 S. W. 38); but in that state there is a statute which requires the court to specify the grounds upon which he grants a new trial (Stoner v. Royar, 200 Mo. 444, 98 S. W. 601). There is no such statute in this state, and we see no reason why an appellant seeking a reversal of a judgment granting an appellee a new trial should not be required to show error, as he must in other cases, before he is entitled to have the judgment he complains of set aside. Ry. Co. v. Thomason (Tex. Civ. App.) 280 S. W. 325; Kauffman v. Maier, 94 Cal. 269, 29 P. 481, 18 L. R. A. 124; Lumber Co. v. Westerfield, 26 Nev. 332, 67 P. 961, 69 P. 899; In re Boyd, 199 Mass. 262, 85 N. E. 464; Weisser v. Ry. Co., 148 Cal. 426, 83 P. 439, 7 Ann. Cas. 636.

The judgment is affirmed.