**CITY OF WACO v. RAST.** (No. 603.)

Court of Civil Appeals of Texas. Waco. Dec. 1, 1927.

Rehearing Denied Jan. 12, 1928.

**1. Appeal and error ⬅️933(5)—Reviewing court cannot assume trial court discredited testimony as to jury's misconduct merely because he overruled motion for new trial.**

Where there was undisputed evidence of jury's misconduct in determining plaintiff was entitled to recover damages, and thereafter answering special issues so as to entitle her to recovery, and credibility of testimony was unchallenged, reviewing court cannot assume that

trial court discredited testimony because he overruled motion for new trial.

**2. New trial ⬅️56—New trial should be granted where undisputed evidence shows jury's misconduct, rendering it reasonably doubtful whether verdict was prejudicially affected thereby.**

New trial should be granted where undisputed evidence showed misconduct of jury in first determining plaintiff was entitled to money judgment, and thereafter answering special issues so as to authorize a recovery, rendering it reasonably doubtful whether verdict returned was prejudicially affected.

**3. New trial ⬅️56—That jurors declared they did not answer issue submitted other than on evidence adduced was insufficient to rebut doubt as to effect of misconduct.**

Where jury first decided plaintiff was entitled to money recovery, and thereafter answered special issues to permit recovery, fact that each juror declared he did not answer issues other than as he thought they should have been answered under evidence was insufficient to rebut reasonable doubt as to whether verdict was affected by misconduct.

**4. New trial ⬅️56—Certainty is not required in determining whether juror's misconduct prejudicially affected verdict.**

Certainty is not required in determining whether juror's misconduct prejudicially affected verdict warranting new trial.

**5. New trial ⬅️143(2)—Testimony of jurors minimizing misconduct is given little weight in determining whether verdict was affected thereby.**

Testimony of jurors minimizing effect of their misconduct in arriving at a verdict is given little weight in determining whether verdict was affected thereby.

Appeal from District Court, McLennan County; Sam R. Scott, Judge.

Action by Mrs. Chas. Rast against the City of Waco. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

John McGlasson, of Waco, for appellant.

Geo. M. Irving, of Houston, and Harry R. Jones and Jas. P. Alexander, both of Waco, for appellee.

GALLAGHER, C. J. Appellee, Mrs. Charles Rast, sued the city of Waco for damages for personal injuries which she alleged she sustained as the proximate result of the negligence of appellant, its officers, agents, and servants. Appellee alleged that she stepped from a street car onto a safety zone at the corner of Fifth and Austin streets, in the city of Waco; that in passing from the safety zone to the sidewalk, she stepped over a chain lying on the pavement; that said chain was attached to a city car, known as the "hoodlum," at the front end and to another car at the rear end; that the

---

space between said cars was about 15 feet; that just as she was in the act of stepping over said chain the person operating the front car, or city hoodlum, started the same and jerked said chain off the ground and to the height of the axles of said respective cars, thereby striking her leg and causing her to fall violently to the ground; that by reason of said fall she sustained serious injuries. She further alleged that the city, acting through its board of commissioners, the several members thereof, its city manager, and its chief of police, had ordered the parties operating said city car to clear Austin avenue from Third to Ninth streets of all private cars found standing thereon, so that said portion of said street would be open and free of all obstruction for a parade through and over the same by the cadets of the Agricultural and Mechanical College of Texas on Agricultural and Mechanical Day at the Waco Cotton Palace; that in doing so said city and the several officers thereof were acting for and on behalf of said city and the inhabitants thereof and in furtherance of the business interests of its citizens, and not in the discharge of any governmental duty or function. She also alleged negligence on the part of appellant, its officers, agents, and servants, in the manner of operating its said car at the time she received her injuries, and that each act of negligence so alleged was a proximate cause of such injuries.

The case was tried to a jury and was submitted on thirty-eight special issues. Five of said issues submitted for determination by the jury whether the parties operating said city car at the time were authorized by appellant, or certain of its officers, to remove standing cars from that portion of Austin avenue. Eighteen of the same submitted to the jury for determination whether said city, or the parties operating its said car at the time, did or failed to do certain particular things, whether such action or failure to act was negligence, and whether any of such acts of negligence were the proximate cause of appellee's injuries. Thirteen of said issues submitted for determination by the jury whether appellee did or failed to do certain specific things in connection with her attempt to step over said chain, whether such action or failure to act. on her part was negligence, and whether any of such acts of negligence proximately contributed to cause her injuries. The remaining two issues submitted for determination the amount of damages, if any, which appellee had sustained by reason of her injuries. The jury answered all issues of authority, negligence on the part of appellants, its agents and servants, and proximate cause in connection therewith, in the affirmative, and all issues of contributory negligence on the part of appellee and proximate cause in connection therewith, in the negative, with a single exception. This exception was the issue of whether appellee stepped over said chain after she discovered it was fastened to one of said cars at each end thereof. This issue was answered in the affirmative, but the jury further found in answer to another issue submitted in that connection that her action in stepping over said chain did not constitute negligence. The court entered judgment on said findings in favor of appellee against appellant for the sum of $3,150 the amount of damages found in her favor by the jury. In view of the disposition made of this appeal, a fuller statement from the record is not deemed necessary.

## Opinion.

Appellant presents as ground for reversal the action of the court in overruling its motion for new trial on the ground of misconduct on the part of the jury. There was a hearing on this issue in open court. Mr. Smith, one of the jurors trying the case, testified, in substance:

"All the jurors decided that the lady should recover some damages in the way of money. After we got the amount of the verdict we went ahead writing. the answers to the special questions or issues. There were certain issues if answered one way would cause the lady not to get any damages at all and if answered another way would give her damages. After we all decided she should get some damages, of course, these questions had to be answered in a certain way. If one question was answered 'Yes,' others should be answered 'No'; and if another question was answered 'Yes,' then other questions would have to be answered 'Yes.' All the jurors knew how they wanted to answer the questions, but did not know whether they should be answered 'Yes' or 'No.' I do. not know whether anything further was said than to discuss how the questions were to be answered. They had to be answered a certain way if we were going to give the lady any money. To a certain extent, that was my idea in answering the questions. If we would give the lady any damages, of course, we would hold the city liable, and those questions would have to be answered right if the city were held liable for the accident. In answering the different issues, it was in my mind to answer them in such a way as would make the city liable. In answering the issues, there would be a discussion about whether an answer 'Yes' or an answer 'No' would be in favor of the city or the plaintiff, and this applied all the way down the list in answering the different issues. In the discussion some of the jurors, after they understood the issues and knew what the effect would be, would change their answers. I did not answer any of the issues different from what I thought the facts were. So far as I know, each juror answered each question as he thought the facts justified."

The testimony of this juror has been brought up in the record in question and answer form, but we think the foregoing is a fair statement of the same in narrative form.

Mr. Henderson, another juror, testified as follows:

"After determining the amount we would return the verdict for, we then proceeded to answer the interrogatories; and in arriving at the answers to these interrogatories we did so with the view of answering them in such a manner as to allow the plaintiff to recover. In fact, we had considerable argument about these issues, and, before the final answers were made we would discuss whether or not it would be favorable or unfavorable to the plaintiff. I did not answer these issues differently from what I thought the evidence showed the facts to be. Some of the jurors did change their answers when told what the effect would be. I do not know, however, that any juror answered any issue differently from what he thought the facts were."

None of the other jurors were examined on such hearing.

[1] There is practically no conflict in the testimony of these jurors. They both frankly admitted that they decided appellee should recover some sum of money as damages, and that they answered the several issues submitted to them for determination so as to effect that result. The juror Smith explained with some particularity the care necessarily exercised in this matter. Each of them apparently undertook to speak not only for himself, but for the membership of the jury as a whole. While the testimony does not show a formal agreement to so answer the issues submitted, it does show that such purpose was generally understood and in certain instances specifically acted on by different members of the jury. The evidence being undisputed and the credibility of the jurors so testifying unchallenged, we cannot assume that the trial court discredited such testimony merely because he overruled appellant's motion for new trial. The rule in such cases is stated and supported by authorities by the Commission of Appeals in the case of Moore v. Ivey, 277 S. W. 106, 107, as follows:

"If, upon a consideration of the whole of the pertinent record, it is reasonably doubtful whether or not the improper conduct affected the amount of the verdict or the decision of any other material issue, the verdict should be set aside by the trial judge; if, in such a case, a new trial is not granted, there is an abuse of discretion by the trial judge, and reversal becomes the duty of appellate courts. H. & T. C. Ry. Co. v. Gray, 105 Tex. 42, 143 S. W. 606; Southern Traction Co. v. Wilson (Tex. Com. App.) 254 S. W. 1104; Hines v. Parry (Tex. Com. App.) 238 S. W. 886."

The leading case on the particular misconduct here under consideration is Conlisk v. Bender (Tex. Civ. App.) 245 S. W. 941, from which we quote as follows:

"For a jury to first determine that they will give a plaintiff a verdict, and to determine the amount before they have answered the special issues, and to then frame their answers so as to conform to such finding, is such misconduct as requires a reversal of the case. The jury should answer special issues as they find the facts to be from the evidence, without regard to its effect upon the judgment to be rendered in the cause. The principal object in submitting a question to a jury upon special issues is that they should be relieved from any bias or prejudice in favor of or against the parties by reason of the effect of their answers, and that they should answer each question truly as they find the fact to be from the evidence in reference thereto. Clearly this was not done in the instant case."

[2-5] The undisputed evidence shows such misconduct on the part of the jury trying this case and renders it reasonably doubtful whether the verdict returned was affected thereby to appellant's prejudice. G., C. & S. F. Ry. Co. v. Harvey (Tex. Com. App.) 276 S. W. 895, 896, 898; Id. (Tex. Com. App.) 278 S. W. 839; Id. (Tex. Civ. App.) 261 S. W. 197, 200, et seq.; Coons v. Culp (Tex. Civ. App.) 278 S. W. 914 et seq.; Oil Well Supply Co. v. Marchman (Tex. Civ. App.) 293 S. W. 305, 306. The fact that each of the jurors testifying declared that he did not answer any issue submitted other than as he thought the same ought to have been answered under the evidence, and that he did not know of any other juror who did so, is not sufficient to rebut a reasonable doubt as to whether the verdict of the jury was affected by such misconduct. In such matters certainty is not required. G., C. & S. F. Ry. Co. v. Harvey (Tex. Com. App.) 278 S. W. 839, citing Moore v. Ivey, supra. Testimony of jurors minimizing the effect of their misconduct is given but little weight in determining whether their verdict was affected thereby. Moore v. Ivey, supra; Hines v. Parry (Tex. Com. App.) 238 S. W. 886, 888; Letsinger v. Panhandle & S. F. Ry. Co. (Tex. Civ. App.) 286 S. W. 1107, 1111; Dallas Ry. Co. v. Skoródynski (Tex. Civ. App.) 292 S. W. 638, 639.

For the error above discussed, the judgment of the trial court is reversed and the cause remanded.