## HARWELL v. REED.

### No. 976.

Court of Civil Appeals of Texas. Eastland.

May 6, 1932.

Rehearing Denied June 3, 1932.

Cox & Hayden, of Abilene, and Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

Scarborough, Ely & King, of Abilene, for appellee.

LESLIE, J.

The plaintiff, Howard Reed, instituted this suit against U. C. Harwell for the recovery of damages alleged to have been sustained by him in an automobile accident in which a car driven by Reed collided with a car driven by Harwell. The plaintiff sought to recover damages in the sum of $750 for the destruction of his automobile; $3,000 damages mental and physical pain; $250 for loss of time; and $17.50 for medicine and hospital fees. The defendant, Harwell, answered by general denial, plea of contributory negligence, and presented a cross-action seeking $500 damages to his own automobile. The case was

tried before the court and jury, and, upon the verdict returned, the court entered a judgment in favor of the plaintiff for $500 for damages to his car and for $500 for personal injuries alleged. The verdict aggregated $1,017.50, but the $17.50 was eliminated on motion for a new trial. The verdict of the jury found that the defendant's car was damaged in some $500, but further found that he was negligent, as alleged, and that such negligence was the proximate cause of the plaintiff's injuries.

Motion for new trial was filed in due time and overruled, and this appeal is prosecuted by the defendant, Harwell.

The only questions involved in this appeal relate to misconduct of the jury as presented in the motion for a new trial. The appeal is predicated upon three propositions: The first contention is that the members of the jury agreed in advance to answer the special issues so as to award the plaintiff a judgment for $517.50, and to answer the issues accordingly. The second proposition is that, in any event, there was such extended discussion by the jury of the legal effect of their answers, together with agreement and understanding, to render said verdict in favor of the plaintiff as to amount to misconduct. Third, that the jury, in finding $517.-50 damages for personal injuries, included therein compensation for loss of time, when such item was eliminated by the court in his charge. In each respect it is claimed the jury was guilty of misconduct.

From a consideration of the record, it is obvious that each point relates to an issue of fact. Various jurors were called to testify upon the issues presented by the motion for a new trial. At the conclusion of such testimony, the court resolved the issues in favor of the plaintiff and overruled the motion.

■ We have carefully read the statement of facts, and are of the opinion that the testimony as a whole not only supports the ruling of the trial court, but preponderates in favor of his conclusions that no misconduct was shown in either respect claimed. The most favorable view of the testimony, from the standpoint of the appellant, is that there was a conflict in the evidence. It was the province of the trial judge to determine such issues, and this court would be without authority to disturb the findings. The propositions are overruled upon the authority of the following cases: Bradshaw v. Abrams (Tex. Com. App.) 24 S.W.(2d) 372; Texas Employers' Ins. Ass'n v. Chocolate Shop, Inc. (Tex. Com. App.) 44 S.W.(2d) 989; Estep v. Bratton (Tex. Civ. App.) 24 S.W.(2d) 465; Stehling v. Johnson (Tex. Civ. App.) 32 S.W.(2d) 696, par. 9.

■ The evidence indicates that the jury answered the questions as they came to them, and that without regard to any effect the answers might have on the judgment. Further, it is pretty clear that some of the jurors did not know the legal effect of their answers. That is immaterial, for the spirit of the special issue law makes the legal effect of the jury's answers no concern of theirs. Gulf, C. & S. F. Ry. Co. v. Harvey (Tex. Com. App.) 276 S. W. 895; Conlisk v. Bender (Tex. Civ. App.) 245 S. W. 941.

For the reasons assigned, the judgment of the trial court is affirmed.