## TAYLOR v. GENERAL EXCHANGE INS. CORPORATION.

### No. 12919.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 16, 1933.

Rehearing Denied Jan. 20, 1934.

Mathis & Caldwell and John Davenport, all of Wichita Falls, for appellant.

J. E. Winegart, Bert King, and A. H. Brittain, all of Wichita Falls, for appellee.

LATTIMORE, Justice.

This is an appeal in a suit to recover an automobile alleged to have been stolen. Defendant replevied on sequestration. Verdict and judgment on special issues were for plaintiff.

The appellant complains that a juror stated to the jury in their deliberations that the secret number on the car (on which a part of appellee's identification evidence rested) could not be changed without first bursting the place inclosing same, that he (the juror) claimed to the jury to be a mechanic and knew such as an expert, and one of the jurors claimed that it caused him to change his views and vote a verdict for appellee. The trial court heard the evidence of ten jurors, seven of whom either unequivocally or by testimony of varying degrees of positiveness testified such statement was not made. The order overruling the motion for new trial makes no findings of fact. We must assume the act of overruling the motion was a finding that no such statement was made in the jury room.

Likewise some juror is claimed to have made a statement that appellant had been indicted for the theft, but each juror who heard the statement says that it had no effect on his verdict.

The ubiquitous assignment of misconduct of the jury is no compliment to our trial judges. It is most natural for jurors to make mistakes such as are alleged by appellant as above set out—natural because such matters are actually relevant. The rule excluding them is one of necessity in order that trials may be open. In this situation the trial judge ought to charge each jury in deliberating their verdict they confine their discussions wholly to the evidence produced at the trial and refrain from discussing their personal experiences had elsewhere. We do not say that failure to do so is error.

On the day of trial the court permitted a trial amendment seeking recovery on the replevin of defendant. If appellant was surprised, he has a remedy after objection to the filing is overruled by seeking a continuance. This he did not do.

The rental value of the automobile was fixed at $1. We do not seek to discover if the issue was properly submitted. De minimis lex non curat.

The judgment is affirmed.

On Motion for Rehearing.

Our respect for the ability of counsel for appellant impels us to amplify our misunderstood statement that the seven jurors testified with "varying degrees of positiveness" that the misconduct did not occur. Of those seven, two of them testified that a juror said that the number could not be changed without breaking the block, but also said they did not hear him say he knew this as a mechanic. Even if true, that statement in the jury room might as well have been the juror's deduction from the testimony of his own affirmation from experience. We must not assume that the witness testified that the juror did something wrong when it is equally susceptible of lawful jury deliberation, and we must assume, in support of the trial judge's decision, that he found the lawful conduct occurred.

One juror said there was some discussion by a juror who said that he was a mechanic, but the witness did not know what the discussion was. The disclosure that the juror was a mechanic was not of itself reversible error. Such disclosure is generally made to the others in process of voir dire.

Three jurors denied hearing any such kind of statements at all. One said he felt reasonably sure that it was not made. City of Waco v. Rast (Tex. Civ. App.) 2 S.W.(2d) 563,

is not in point. There the undisputed facts were that the prejudicial testimony by the juror in the jury room was made.

The motion for rehearing is overruled.