## McKELVEY v. CHISHOLM.
### No. 2488.

Court of Civil Appeals of Texas. Eastland.
Dec. 22, 1945.

J. M. Parker, of Gorman, for appellant.

Gib Callaway, of Brownwood, and Oscar Callaway, of Comanche, for appellee.

GRISSOM, Justice.

McKelvey sued Chisholm for damages that plaintiff alleged he suffered as the result of an unlawful assault made on him by defendant. The case was submitted to a jury and it found (1) that "defendant in striking the plaintiff with his fist" inflicted the injuries "set out in plaintiff's petition," (2) that the injuries suffered by plaintiff caused pain and suffering on the part of plaintiff "as set out in his pleadings," (3) that plaintiff will continue in the future to suffer physical pain from the injuries inflicted by defendant, (4) that the amount of damages sustained by plaintiff was $250, (5) that when defendant struck the plaintiff "it reasonably appeared to defendant from the acts of the plaintiff or words coupled with his acts, viewed from the defendant's standpoint at the time, that the plaintiff was about to make an unlawful attack on the defendant with a knife or other weapon," (6) that it was the purpose and intention of McKelvey, on the occasion of the difficulty, to provoke Chisholm into a difficulty or combat with plaintiff.

Judgment was rendered for defendant. Plaintiff has appealed.

The principal contention is that since the evidence of all the jurors who testified on the motion for a new trial was in substance that they thought the effect of their answer to issue 4, to wit, that plaintiff was damaged $250 by being struck by defendant, was to give plaintiff a judgment against defendant for said sum, and, therefore, the court erred in not rendering judgment for plaintiff for $250. The two jurors who testified stated that it was their "intention" that McKelvey recover $250. Juror Geaton testified that although they answered issue 4 to the effect that plaintiff had been damaged in the sum of $250, that they so answered said issue "without reference to whether or not the answer to a subsequent question would affect his recovery or not." With reference to this contention, appellant says in his brief: "We see from the answers given by the two jurors who testified on the hearing on motion for new trial, that the jury was unanimous in their intentions to render their answers so that the plaintiff could recover the sum set out in the answers to Special Issue No. 4 of the court's charge,

*and they rendered their verdict without considering what effect their answers to other Issues might have on this issue.* They testify that it was their intention to give the Plaintiff judgment for the sum of Two Hundred Fifty Dollars for which the Court committed reversible error in refusing to give the plaintiff judgment for the sum so intended by the jury." (Italics ours.)

The precise question was decided against appellant by our Supreme Court in an opinion by Judge Sharp in City of Amarillo v. Huddleston, 137 Tex. 226, 230, 152 S.W.2d 1088, 1090. The court said:

"The law requires that each issue shall be submitted distinctly and separately, and that each issue shall be answered by the jury separately. Article 2189, Revised Civil Statutes. *The law also requires that such answers shall be made by the jury without regard to the legal effect of their answers upon the judgment to be rendered in the cause, and without regard to the relation of any answer to the other issues submitted.* 41 Tex.Jur. § 346. The principal object of the special issue statutes is to have the jury find the facts and the trial court render such judgment as the law demands. 41 Tex.Jur. §§ 217 and 390. Any other procedure would defeat the very purpose of the law in requiring special issues to be submitted to the jury for their answers. 41 Tex.Jur. § 346; Simmonds v. St. Louis, B. & M. Ry. Co., Tex. Com.App., 29 S.W.2d 989; Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770.

"The trial court complied with the statutes in submitting the issues to the jury. The jury complied with the terms of the law in answering each issue separately. The trial court likewise complied with the law in rendering judgment in conformity with the answers given by the jury. Because the jury answered that Huddleston sustained damages by reason of such injuries in the sum of $5,000, this did not authorize the trial court to render judgment for that amount in his favor. The effect of the jury's findings was that Huddleston, according to law, was not entitled to judgment against the City of Amarillo for any sum; and the trial court did not err in so holding." (Italics ours.)

The fact that the jury found that McKelvey had sustained damages in the sum of $250 by reason of the injuries inflicted on him by defendant did not authorize the trial court to render judgment for the plaintiff for that amount. The effect of the jury's answer to issue 5, that defendant acted in self defense, was to deny plaintiff judgment for any sum. Whether or not the jury intended for plaintiff to recover a judgment against defendant for $250 is wholly immaterial. The judgment to be rendered on answers to special issues is solely the concern of the court. A jury is not concerned with the effect of its answers. It is customary for the court to so instruct the jury in the preliminary portion of the court's charge, and the court did so in this case. It is the jury's duty only to answer each question as they think it should be answered from the evidence. They are not concerned with the judgment to be rendered by the court as a result of their findings of fact. The jury is not supposed to know the effect of its answers, and, unless that effect is apparent, it is error to inform them of the effect of their answers. If the jury answered issue 4, that plaintiff had suffered damages in the sum of $250, "without reference to whether or not the answer to a subsequent question would affect his recovery or not," as Juror Geaton testified they did, the jury did exactly what the law required of it. Such action did not constitute misconduct, and the trial court did not err in overruling the motion for new trial based on such alleged misconduct. All the authorities so hold. 31 Tex. Jur. 56; 41 Tex.Jur. 1209; Speer's Law of Special Issues (1932) 644. In Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770, 772, the Supreme Court of Texas said, "when a case is submitted on special issues, it is the duty of the jury to answer each special issue as the facts justify without regard to the effect of such finding upon the judgment to be thereafter rendered in the cause." See also Simmonds v. St. Louis, B. & M. R. Co., Tex.Com.App., 29 S.W.2d 989; Dallas Ry. & Terminal Co. v. Garrison, Tex.Com. App., 45 S.W.2d 185, 189; Waggoman v. Ft. Worth Well Machinery & Supply Co., 124 Tex. 325, 76 S.W.2d 1005, 1007; Gulf, C. & S. F. Ry. Co. v. Harvey, Tex. Com.App., 276 S.W. 895, 897; Bradshaw v. Abrams, Tex.Com.App., 24 S.W.2d 372, 375; Harwell v. Reed, Tex.Civ.App., 50 S.W.2d 415; Williams v. Safety Casualty Co., Tex.Civ.App., 97 S.W.2d 729,

731; State v. Layton, Tex.Civ.App., 147 S.W.2d 515, 516; Southwestern Transportation Co. v. Medley, Tex.Civ.App., 71 S.W.2d 916; Coons v. Culp, Tex.Civ.App., 278 S.W. 914, 915; McKenzie v. Grant, Tex.Civ.App., 93 S.W.2d 1160, 1173; McIntosh v. Atchison, T. & S. F. Ry. Co., Tex.Civ.App., 192 S.W. 285, 286.

Chisholm's testimony was sufficient to raise the issue of self defense. Stated as briefly as possible, Chisholm's testimony was in effect that McKelvey for several days had contended he had delivered a "church letter" to Mrs. Chisholm, which she denied receiving. That Chisholm had told McKelvey he didn't · know anything about it and didn't want to discuss it. That on the day of the difficulty Mr. and Mrs. Chisholm had stopped at the post office and while Mr. Chisholm was inside Mr. McKelvey came to the car occupied by Mrs. Chisholm and insisted he had given her the letter. That when Chisholm came out of the post office and told his wife there was no mail she drove away. That when McKelvey saw Chisholm he approached Chisholm, who was starting across the street, and told Chisholm he was positive he had given the letter to Mrs. Chisholm. That Chisholm told McKelvey he didn't care to discuss it. McKelvey looked mad. Chisholm said, "didn't you tell Mr. Green you put it in the rostrum?" McKelvey replied he had not told Green anything. Chisholm said, "You or him lied." That McKelvey then reached in his pocket. That McKelvey said, "I will just fix you." That McKelvey "threw his left hand over his pocket with his right hand in it, and I hit him at that. I just really thought that he was getting his knife * * *." Chisholm testified that he did not want to hurt McKelvey; that he struck him with his fist to protect himself because he thought McKelvey was "getting his knife." "* * * He put his hand in his pocket and told me he was going to fix me. It was all done at one time." Chisholm said he was afraid McKelvey "was going to get me." "When I broke his jaw, I was protecting myself."

The law is settled in Texas that with the exception of the rule of evidence which gives to the defendant in a criminal case the benefit of a reasonable doubt, the law of self-defense is the same in both civil and criminal cases. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478,

479; March v. Walker, 48 Tex. 372, 377; 4 Tex.Jur. 984 et seq.; Pittman v. Stephens, Tex.Civ.App., 153 S.W.2d 314; St. Louis S. W. Ry. Co. v. Huddleston, Tex.Civ.App., 178 S.W. 704, 707 writ refused. In Dixon v. Samartino, Tex.Civ.App., 163 S.W.2d 739, 742, writ refused, it was held that the agressor could not recover damages for an assault and battery. In Koons v. Rook, Tex.Com.App., 295 S.W. 592, 596, the court said: "Evidently, if the defendant acted in self-defense at the time he inflicted the injuries, he would not be liable for any damages on account of having inflicted such injuries * * *." The evidence raised the issue of self-defense. The jury found that when Chisholm struck McKelvey that Chisholm was acting in self-defense. This finding required a judgment for defendant.

We have given all of appellant's contentions careful consideration and are of the opinion reversible error is not shown. The judgment is affirmed.