### COONS v. CULP. (No. 6830.)

(Court of Civil Appeals of Texas. Austin. Dec. 9, 1925.)

New trial ⊂⊃52 — Discussion of jurors as to answer to special issue and vote thereon held misconduct, requiring new trial.

Where, in action for personal injuries, jury agreed to award plaintiff damages, and then proceeded to answer special issues, so as to sustain award, certain jurors stating that affirmative answer to issue submitting contributory negligence would not affect recovery, and two jurors changing their vote as consequence, there was misconduct, requiring new trial.

Appeal from District Court, Bell County; Lewis H. Jones, Judge.

Action by W. D. Coons against R. O. Culp. From the judgment for defendant, and an order overruling a motion for a new trial, plaintiff appeals. Reversed and remanded.

Winbourn Pearce and Walker W. Saulsbury, both of Temple, for appellant.

Jones, Roberts & Monteith and M. E. Monteith, all of Houston, for appellee.

BAUGH, J. W. D. Coons sued R. O. Culp for damages for personal injuries sustained by him in December, 1922, as the result of being run over by an automobile on the streets of Temple, Tex., driven by an agent of Culp. Coons was employed by the city and working on the streets at the time. Culp answered by general exception and plea of contributory negligence on the part of Coons. The case was submitted to a jury on special issues, in response to the first four of which the jury found that Culp's employee, driving the car, was guilty of negligence proximately causing the injury. Special issues Nos. 5 and 6, and the jury's answers thereto, were as follows:

"Special Issue No. 5: Do you find from a preponderance of the evidence that W. D.

---

Coons, the plaintiff herein, in standing or sitting or lying at the place he was, or in stooping at the place he did, under all the facts and circumstances shown by the evidence in this case, was guilty of contributory negligence? Answer: Yes.

"Special Issue No. 6: Do you find from a preponderance of the evidence that the negligence of the plaintiff, if any, in standing or sitting or lying in the place he was, or stooping at the place he did, concurring with the negligence of the defendant, was the proximate cause of his injury? Answer 'yes' or 'no.' Answer: Yes."

In answer to special issue No. 7, the jury found Coons' damages to be $500.

The court rendered judgment against the plaintiff, Coons, and overruled his motion for a new trial, from which action this appeal is taken.

The only questions raised on appeal relate to alleged misconduct of the jury as shown by the testimony of six of the jurors taken in open court upon a hearing on the motion for a new trial.

The juror Worden testified as to his vote on question 5 as follows:

"There was a statement made by a member of the jury to the other members, of which I was one, to the effect that it wouldn't keep Mr. Coons from recovering his damages whatever we assessed, if I should change and answer the question 'yes.' Mr. Dillon made the statement, and I am pretty sure that our foreman, Mr. Carter, also made the statement. The statement was made several times. After this statement was made, and on the final vote, I voted to answer the question 'yes.' I never voted to answer the question 'yes,' but the one time. At the time I changed my answer to 'yes,' I believed that the question should have been answered 'No,' but I changed because I was convinced that it would not change the effect of my verdict."

Juror Goode testified with reference to his vote thereon as follows:

"Question No. 5 inquired as to whether or not the jury should find the plaintiff guilty of contributory negligence, and I answered that question, 'No.' That is the way I believe the question should have been answered, according to the evidence. The majority of the jurors decided that, if we answered the question 'yes,' it would not have any effect on the verdict, and I heard some discussion as to whether it would affect the verdict or not, and some of the jurors stated that it would not affect the findings; and it was discussed that it would not have any effect on his getting his $500 by answering the question 'yes.' We either had to answer the question 'yes' or 'no,' and that came up for argument, and finally the foreman and two or three of the others got up and explained that it would not have any effect on the verdict. Up to that time, I had answered the question, 'No,' and then after the discussion I answered, 'Yes,' because they told me it would not change the effect of my verdict."

Juror Dillon testified on the hearing on said motion as follows:

"I was one of the jurors trying the case of Coons v. Culp. When the jury went out, I voted to answer questions 5 and 6 'yes.' I think two jurors voted to answer 5 and 6 'no.' May have been others, but don't recall them. I, among others, told them it would not keep plaintiff from recovering to answer 'Yes,' and they changed over."

The other three jurors who testified were not specific as to who voted "no" in answer to question No. 5, nor as to who made the statements that answering it "yes" would not defeat plaintiff's right of recovery, but all of them did testify that at first some of the jurors voted to answer question 5 "no"; that a discussion was had as to whether answering it "yes" would permit Coons to recover the $500 damages they had already agreed upon; that the statement was made by one or more jurors that an affirmative answer would permit such recovery; that thereupon those who voted "no" on that question changed over and voted "yes." From this, we think it clearly appears that two of the jurors were induced by statements made by those purporting to know, in the jury room, to change their verdict contrary to what they believed it should be under the evidence.

Without setting out the testimony in detail on the question, we are also clearly of the opinion that the jury first decided to award the plaintiff damages in the sum of $500, and then sought to answer the questions propounded in such manner as to sustain that award. This was clearly true, at any rate, as to their answers to questions 5 and 6.

This case involves the same questions of law and is almost identical in facts with that of Harvey v. Gulf C. & S. F. Ry. Co. (Tex. Civ. App.) 261 S. W. 197. In fact, appellants based their appeal in the case at bar upon the holdings of this court in the Harvey Case. A writ of error to the Supreme Court was granted in that case, and we have, at the instance of the parties themselves, withheld disposition of this appeal until the Harvey Case was disposed of by the Supreme Court. With reference to this, we copy the concluding paragraph of appellee's brief as follows:

"Wherefore appellee prays that the judgment of the honorable district court will, in all respects, be affirmed; but, in the event this honorable court holds that the judge of the trial court abused his discretion in overruling appellant's motion for new trial, then appellee prays in the alternative that a decision in this cause be withheld by this honorable court until the Supreme Court announces its decision in Harvey v. Gulf, C. & S. F. Ry. Co., 261 S. W. 197, in which the same questions of law are involved."

The Harvey Case was disposed of in an opinion by the Commission of Appeals, on October 28, 1925, 276 S. W. 895. We deem it unnecessary to discuss that opinion further than

to quote the concluding paragraph thereof as follows:

"Having reached the conclusion that the opinion of the Court of Civil Appeals has correctly decided the law of this case, we recommend that this opinion be affirmed, and in accordance therewith that the judgment of the trial court be set aside, and the case remanded for a new trial." .

We think· no good purpose could be served by a further discussion of the issues here raised, but content ourselves with referring to the case of Harvey v. Gulf, C. & S. F. Ry. Co., supra, where the identical questions here raised are fully discussed, and the authorities in support thereof are there cited. Though the questions here raised are conclusively disposed of in that case, it is not amiss for us to repeat that the cases of Southern Traction· Co. v. Wilson (Tex. Com. App.) 254 S. W. 1104, and Railway Co. v. Gray, 105 Tex. 42, 143 S. W. 606, are especially applicable to the questions raised herein.

Without further discussion, and for the reasons stated in the Harvey Case, the judgment of the trial court is reversed, and the cause remanded for another trial.

Reversed and remanded.