**BRADSHAW v. ABRAMS et al.**
**(No. 1163—5138.)**

Commission of Appeals of Texas, Section A.
Feb. 19, 1930.

Hamilton, Frank & Hamilton and Collins & Houston, all of Dallas, for plaintiff in error.
McCormick, Bromberg, Leftwich & Carrington, of Dallas, for defendants in error.

CRITZ, J. This suit was originally instituted by the defendant in error Mrs. Otta F. Abrams, who will hereafter for convenience be designated plaintiff, joined by her husband, against the plaintiff in error, H. D. Bradshaw, who for convenience will hereafter be designated defendant, in the Forty-Fourth judicial district court of Dallas county, Tex., and is a suit for damages for personal injuries alleged to have been received by plaintiff as the proximate result of the alleged negligence of the defendant on the premises owned and operated by him as a garage and automobile sales house. Plaintiff is alleged to have been injured by stepping on what is known as a "creeper," being a device resting upon four sets of rollers, used by workmen in the garage for the purpose of getting around and under cars while working thereon. Plaintiff alleged that the creeper was negligently left on the floor, and that she

stepped on it while at defendant's place of business in connection with repairs which she was having made on an automobile. The defendant pleaded general demurrer, general denial, and contributory negligence on the part of the plaintiff.

In the trial court the case was submitted to the jury on special issues, which issues submitted the negligence of the defendant, proximate cause, contributory negligence of the plaintiff, proximate cause relating to said contributory negligence, and measure of damage. The jury answered to the effect that the defendant was guilty of negligence in leaving the creeper on the floor; that the defendant's negligence was not the proximate cause of the plaintiff's injury; that the plaintiff observed the creeper prior to the time she stepped on it; that the plaintiff was guilty of contributory negligence in proceeding across the floor in the manner she did on the occasion in question; that plaintiff was not guilty of contributory negligence in choosing the route she traveled: that plaintiff's contributory negligence was the direct and proximate cause of her injury, and that she was damaged in the sum of $500. Upon these findings, the trial court rendered judgment for the defendant. In her motion for new trial, the plaintiff alleged misconduct of the jury to the effect that the jury first agreed that the plaintiff should recover $500, and that they would make findings which would permit her to recover that sum, and further that the jury discussed and considered the result of their answers to the issues submitted to them, and attempted to answer the questions so as to accomplish a result rather than as they found the facts to be. On hearing before the court on motion for new trial, five of the jurors testified, and the court, after hearing the testimony of the jurors, overruled the motion. The case was duly appealed by the plaintiff to the Court of Civil Appeals at Dallas, which court reversed the judgment of the trial court. 2 S.W.(2d) 917, 920. The case is now before this court on writ of error granted on application of the defendant, H. D. Bradshaw. The special issues and answers of the jury thereto are set out in full in the opinion of the Court of Civil Appeals, and will not be repeated here for the sake of brevity.

### Opinion.

The Court of Civil Appeals holds that the jury was guilty of misconduct, and in so holding uses the following language:

"Under the above facts, we are of the opinion that misconduct within the meaning of said article 2234 [Rev. St. 1925] supra, was established in that the jury did not consider and determine from the evidence solely the answers that should be made to the questions submitted separately, but also took into account and considered the effect that the answer to one special issue would have on answers to be made to other special issues, and the making of the agreement, that appellants were entitled to recover in some sum, before considering and answering the special issues submitting other matters than the amount of damages sustained by the appellant Mrs. Abrams and in attempting to make answers to such special issues for the purpose of carrying out said agreement. This holding is within the rule of decision announced in the following authorities."

By his first assignment of error and propositions thereunder, Bradshaw assigns the above holding as error. Here it will be noted that the effect of the holding is that the jury agreed to do, and tried to do, a thing they did not succeed in accomplishing.

A decision of this case requires a proper construction of articles 2189, 2202, and 2234, R. C. S. 1925, and the application of said articles to the facts and circumstances of this case. Said articles read as follows:

"Art. 2189. In all jury cases the court may submit said cause upon special issues without request of either party, and, upon request of either party shall submit the cause upon special issues raised by the pleadings and the evidence in the case. Such special issues shall be submitted distinctly and separately. Each issue shall be answered by the jury separately. In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues. If the nature of the suit is such that it cannot be determined on the submission of special issues, the court may refuse the request to do so, but the action of the court in refusing may be reviewed on proper exception in the appellate court, and this article shall be construed in connection with the succeeding article."

"Art. 2202. A verdict is a written declaration by a jury of its decision of the issues submitted to them in the case.

"1. It shall be signed by the foreman of the jury and shall comprehend the whole or all the issues submitted to it.

"2. The verdict is either a general or special verdict.

"3. The jury shall render a general or special verdict as the court may direct.

"4. A general verdict is one whereby the jury pronounces generally in favor of one or more parties to the suit upon all or any of the issues submitted to it.

"5. A special verdict is one wherein the jury finds the facts only on issues made up and submitted to them under the direction of the court.

"6. A special verdict found under the provisions of this article shall, as between the parties, be conclusive as to the facts found."

"Art. 2234. Where the ground of the motion is misconduct of the jury or of the officer

in charge of them, or because of any communication made to the jury or that they received other testimony, the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved, or the testimony received, or the communication made, be material."

Now, if a final disposition of this case depended alone on the bare question as to whether or not the jury made an agreement before considering and answering the special issues, to the effect that plaintiff was entitled to a verdict in some sum, and then attempted to answer the question so as to carry out that agreement, we would feel constrained to hold that the evidence heard by the trial court on motion for new trial was conflicting on that issue, and, there being evidence in the record that sustains his holding, his judgment should not be disturbed. In this connection it is noted that the jurors Burton and Roberts both deny the making of this agreement, though Roberts testified both ways. The juror Burton testifies positively that the jury never made such an agreement, and then attempted to frame the answers so as to carry it out. Three other jurors testified positively that the agreement was made and attempted to be carried out.

▇ In our opinion, the record as thus stated presented a disputed issue of fact, as to this question, for the trial court, and his action in overruling the motion for a new trial, after hearing all the evidence in regard thereto, was, in effect, a finding that no such agreement was made, and attempted to be carried out as such. This finding was supported by the evidence, and should not be disturbed by an appellate court. Certainly, where based on such positive evidence, such a finding by the trial court would be no abuse of discretion. H. & T. C. Ry. Co. v. Gray, 105 Tex. 42, 143 S. W. 606.

▇▇ It is certainly the settled law of this state that if, upon a consideration of the whole of the pertinent record bearing on the issue of misconduct, it is reasonably doubtful to the Supreme Court whether the misconduct affected the verdict in a material way, the verdict will be set aside and a new trial granted. H. & T. C. Ry. Co. v. Gray, 105 Tex. 42, 143 S. W. 606 (Sup. Ct.); Kalteyer v. Mitchell, 102 Tex. 390, 117 S. W. 792, 132 Am. St. Rep. 889 (Sup. Ct.); Hines v. Parry (Tex. Com. App.) 238 S. W. 886; Payne v. Harris (Tex. Com. App.) 241 S. W. 1008; Southern Traction Co. v. Wilson (Tex. Com. App.) 254 S. W. 1104; G., C. & S. F. Ry. Co. v. Harvey (Tex. Com. App.) 276 S. W. 895; Moore v. Ivey (Tex. Com. App.) 277 S. W. 106; San Antonio Public Service Co. v. Alexander (Tex. Com. App.) 280 S. W. 753; International-Great Northern R. Co. v. Cooper (Tex. Com. App.) 1 S.W.(2d) 578; St. Louis S. W. Ry. Co. v. Lewis (Tex. Com. App.) 5 S. W.(2d) 765. On the other hand, it is also the

law that, where there is a disputed issue of fact as to whether the misconduct actually occurred, such issue is for the trial court, and his findings on a disputed issue of fact should not be disturbed by an appellate court, where such findings are supported by the record, even though disputed by other portions of the record.

We further hold that, where evidence is heard by the trial court on motion for new trial concerning alleged misconduct, and such evidence is conflicting touching the question as to whether said alleged misconduct actually occurred, the part of the evidence which supports the judgment of the trial court will, on appeal, be presumed to have been found by said court in favor of his judgment. In other words, where there is tangible and legal evidence in the record which supports the judgment of the trial court, such judgment should not be disturbed, even though there is other evidence in the record to the contrary. The trial court does not abuse his discretion when his acts are well supported by the record. The Supreme Court has never held that it is a forum in which to settle disputed issues of fact; but it has held, and now holds, that, where the misconduct has been established as a matter of law, the question as to whether or not it is reasonably doubtful whether such misconduct affected the verdict in a material way is also a question of law.

What we have said disposes of the issue as to the alleged misconduct of the jury with reference to the allegation that they first agreed on a result, and then designedly attempted to form their answers to accomplish that result. Had they done this, it would undoubtedly have been reversible error. G., C. & S. F. Ry. Co. v. Harvey (Tex. Com. App.) 276 S. W. 895; Coons v. Culp (Tex. Civ. App.) 278 S. W. 914. The trial court has held in effect that this did not occur, and his holding, being well supported by the record, was no abuse of discretion.

This brings us to a consideration of the question as to whether, regardless of the question of a previous agreement, the extended discussion by the jury of the legal effect of their answers, together with the acknowledged effort on the part of several members of said jury, expressed during the deliberations of the jury, and in the testimony taken on the hearing of the motion for new trial, to so frame their answers as to give the plaintiff a judgment, is such misconduct as should result in a reversal.

▇ We have given unusual consideration to this last issue, and have read and considered the statement of facts taken on motion for new trial in the district court, which is rather voluminous, with great care, and we have reached the conclusion, considering only that part of the record that is undisputed, that the plaintiff has not had a fair trial, in that there is no escape from the conclusion

that at least several members of the jury attempted to answer the issues submitted to them with but one end in view, as expressed in no uncertain terms throughout their long deliberations, and in the testimony taken on the hearing of the motion, and that to accomplish a result, regardless as to whether that result had been formally agreed on or not, and regardless of how they found the facts to be.

Construing articles 2189 and 2202, supra, together, it is certainly not permissible for a jury to practically nullify the law providing for special issue verdicts by, in effect, designedly attempting to reach a general verdict, and, when this is done, and the question of injury resulting therefrom is doubtful, it should not be condoned. Under article 2189, it is required that each issue shall be submitted distinctly and separately, and that each issue shall be answered by the jury separately. Under article 2202, the jury finds the facts only on issues made up and submitted to them under the direction of the court. Construing the two articles together, the jury is not concerned in the result. This court has repeatedly held that it is error for the court to refuse to submit each issue separately. Certainly it is just as much the duty of the jury to answer the issues separately as it is for the court to submit them separately. Any other holding would render the statute a vain and idle thing. Also the requirement that the jury shall answer each issue separately does not mean the mechanical act of writing the answer alone, but it means also that they shall actually answer each issue separately as they find the facts to be.

Considering only that part of the record that is undisputed in the case at bar, it is conclusively shown that from beginning to end, throughout their long deliberations, which extended over three days, the majority of the jury considered, discussed, and finally answered the several issues presented to them in the court's charge with but one end in view, and that an attempt to accomplish a result, regardless of whether that result had been previously agreed on or not, and regardless of the evidence. It is further conclusively shown that, in considering and answering said issues, a majority of the jury did not consider and answer the issues separately as they found the facts, but they considered, and attempted to answer, all of said questions with reference to their relation to, and effect on, other questions, and especially is this true as to question No. 7, submitting the issue of whether the contributory negligence of the plaintiff was the proximate cause of the injury. It is conclusively shown that at least several jurors were induced to agree to the verdict by the discussions with reference to the effect of the answers, and what they were told the effect would be, when they otherwise would not have done so; and here it will be remarked that this discussion even went to the extent of one of the jurors telling the jury about another parallel case.

We have given careful consideration to all issues raised by this appeal, and, in our opinion, the Court of Civil Appeals has properly disposed of them.

It follows from what we have said that we recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.