## CAMERON COUNTY WATER IMPROVEMENT DIST. NO. I v. FLY.
### No. 8518.

Court of Civil Appeals of Texas. San Antonio. Feb. 4, 1931.

Greenwood & Lewis, of Harlingen, for appellant.

Carter & Stiernberg, of Harlingen, for appellee.

SMITH, J.

Appellee, E. B. Fly, brought this suit against appellant, water improvement district, to recover damages for the loss of his bean crop, which was killed by a frost occur-

ring in the Rio Grande Valley on March 17, 1928. It was alleged by appellee that he made application to the district on March 12 for water for use in irrigating his bean crop; that the district negligently delayed furnishing the water before the frost came; that this delay resulted in the loss of the bean crop on account of a killing frost; that growing bean crops are less susceptible to injury from frost when freshly irrigated than at other times. Upon jury findings the trial court rendered judgment for appellee for the amount of damages flowing from the injury inflicted upon his crop by the frost.

The appeal presents the question of whether irrigation districts may be held liable in damages to the landowner on account of the ravages of killing frosts upon crops growing within the district under circumstances relied upon by appellee in this case. The question does not appear to have been decided in any case coming to our notice, and as its decision is not necessary to the disposition of this appeal, we shall refrain from passing upon it at this time. It may be said, as a matter of course, and by way of suggestion for the consideration of the parties to this suit and the trial court, that the primary, normal, natural purpose of irrigation projects is to furnish water in arid and semiarid sections with which to give sustenance to crops against the effects of drouth—in short, to take the place, as nearly as possible, of timely and seasonable rains. Now, the question follows: Shall the law supplement or divert that purpose to include the duty of foreseeing weather changes in time to flush the district with such supply or supplies of water as will circumvent the normal and natural effects of frost and other inclemencies, upon the crops of the district? And, in this connection, it is well to keep in mind that each water user has rights equal to all others similarly situated, and if one may demand water with which to avert the evils of capricious weather conditions, regardless of the need thereof for normal irrigation purposes, then all may at the same time demand like service for like purposes. These considerations suggest themselves in connection with the case presented. It should be added that the case of Pineapple Co. v. Ry. 55 Fla. 514, 46 So. 732, 20 L. R. A. (N. S.) 92, the only case presented by appellee as being in point, is not ·deemed by this court to have any material bearing upon the question presented here. So should it be added that appellee does not contend that the water was not furnished in time to avoid the usual and ordinary damage to crops occasioned by delay in irrigation.

Appellee, in his trial petition, as stated in his brief, based his cause of action for damages upon two specific grounds of negligence charged to appellant: First, "the failure of appellant to lower a subcanal"; and, second, the failure of appellant to keep its main canal "properly opened and cleaned out." The trial court, in the face of timely and proper request therefor, refused to submit either of said grounds to the jury, and submitted only the general issue of whether or not appellant "negligently failed to make timely delivery of water in suitable quantities for the irrigation" of appellee's bean crop. In this we conclude the court erred.

■■ It is elemental that in an action for damages based upon negligence, where the plaintiff elects to specify in his pleadings the particular acts of negligence of which he complains, he will be restricted in his proof to the acts specifically alleged, and the jury's findings must be confined to those acts. Here, appellee pleaded that appellant negligently constructed and maintained its subcanal, and negligently failed to keep its main canal open and properly cleaned, and that these acts of negligence caused a delay in furnishing the water demanded by appellee. If these issues had been submitted to the jury and the jury had resolved them against appellee, he could not have recovered, since he alleged no other grounds of negligence. Appellant, then, was entitled to a submission of those issues, upon a proper request therefor, which was in fact timely made, and should have been granted. Munger Automobile Co. v. American Lloyds of Dallas (Tex. Civ. App.) 267 S. W. 304.

■ Assuming that appellee was entitled in any event to recover damages occasioned to his crop by the frost, he could not do so in the absence of jury findings that appellant could reasonably have anticipated the coming of a killing frost, and that the furnishing of water before the frost came would save the bean crop. Appellant made timely request that such issues be submitted to the jury, but the trial court refused the request. Appellant also timely requested a submission of the issue of proximate cause, which the court likewise refused. There was nothing in the record which warranted the trial court in resolving these matters against appellant. Certainly, in any event, the evidence upon these matters was not sufficient to raise any presumption in favor of appellee.

The judgment is reversed, and the cause remanded.