**DOSS v. SOUTHWESTERN TRANSP. CO. et al.**

**No. 4756.**

Court of Civil Appeals of Texas. Texarkana.

Nov. 5, 1935.

Rehearing Denied Nov. 21, 1935.

Carney & Carney, of Atlanta, for appellant.

Ben A. Harper, of Tyler, for appellees.

SELLERS, Justice.

This suit was brought by A. A. Doss as plaintiff against the Southwestern Transportation Company and the Commercial Standard Insurance Company as defendants. For cause of action plaintiff alleged that the Southwestern Transportation Company was a common carrier of passengers operating a bus line between Gladewater, Tex., and Naples, Tex.; that the plaintiff's wife, Aileen Doss, was a passenger upon one of the busses of the said defendant, and, while en route from Gladewater to Naples, Tex., the bus stopped within the city limits of Gladewater to repair a punctured tire; that the weather was hot, and, while the bus was stopped, the plaintiff's wife arose and attempted to go to another seat of the bus near the front thereof to escape the heat and get a more comfortable seat; that, when the said wife of the plaintiff reached the said front seat of the bus, there was a door near by either partially open or closed without being latched; that there was a sudden jar, and plaintiff's wife fell out the door and was severely injured by reason of the fall. Among other things for grounds for recovery plaintiff alleged that defendant Southwestern Transportation Company was guilty of negligence in leaving the door either partly open or unfastened to such an extent that a passenger falling against the same would be thrown through the door; and that such negligence was the proximate cause of the injuries to plaintiff's wife.

Plaintiff sued the appellant Commercial Standard Insurance Company along with the Southwestern Transportation Company on the ground that the said Commercial Standard Insurance Company was the insurer under the statute; therefore it is liable if the Southwestern Transportation Company is liable. The defendant Commercial Standard Insurance Company filed a plea

in abatement, and the defendant Southwestern Transportation Company filed special exceptions and a general demurrer, a general denial, and a plea of contributory negligence.

A trial was had before the court and a jury, and the cause was submitted to the jury on special issues of fact. The jury found in answer to special issues that Mrs. Doss fell from a bus of the defendant while it was parked on the highway near Gladewater, Tex. The jury also found the leaving of the bus door open by the bus driver was negligence and was the proximate cause of the fall of Mrs. Doss from the bus; also that Mrs. Doss was injured by reason of falling from the bus; that she fainted just before she fell from the bus; that she was not guilty of contributory negligence; that the falling of Mrs. Doss was not due to an unavoidable accident; that there was no jar of the bus at the time she fell; and that Mrs. Doss sustained damage in the sum of $1,000.

Upon said findings both said plaintiff and defendants moved for judgment. Plaintiff's motion was overruled and defendants' motion was granted; the court entering judgment for the defendant and against the plaintiff. From this judgment the plaintiff has duly prosecuted this appeal.

■ Appellant's first two assignments of error complain of the court's refusal to permit the appellant to testify to the effect that the doctor who examined Mrs. Doss shortly after the accident stated to appellant that it would be necessary to have an operation performed upon her abdomen immediately and also that appellant saw the appendix of his wife after it was removed and that the same was bloodshot and swollen as if it had been bruised. We are of the opinion that, if the exclusion of this evidence was error at the time it was offered, still it would not be such error as would authorize a reversal of the judgment, for the reason that the evidence complained of could only have been admissible on the issue as to whether or not Mrs. Doss was injured as alleged and the extent of her injuries, and, since the jury found that she was injured and assessed damages at $1,000, the amount of which is not complained of, such error, if any, was harmless.

■ Appellant's third assignment of error complains of the court's refusal to enter judgment for appellant upon the findings of the jury. If this assignment is to be sustained, it is upon the theory that it was negligence for the agents of the transportation company to leave the door of the bus open while such bus was standing still and the agents in charge of the same were engaged in the repair of a punctured tire. The facts show that the only door of the bus was located in the front of the bus opposite the driver's seat, and that Mrs. Doss, desiring to move her location in the bus from one of the rear seats to a front seat, got up and walked to or near the front seat, when she suddenly fainted and fell through the open door to the ground and was injured. No case has been cited where a common carrier of passengers has ever been held guilty of negligence for leaving a door of a train, street car, or motorbus open while the same was not in motion, and this court, after diligent search, has been unable to find such a case. The authorities most nearly in point are to the effect that it is not negligence for a carrier to leave the door of a coach open while the train is not in motion. 4 R.C.L. 1215; 27 L.R.A.(N.S.) 253, note.

■ In our opinion, the principle which is controlling here is that the carrier is required to guard against only those things which in the exercise of the highest degree of care it should anticipate would probably be dangerous to some passengers, but the duty thus imposed does not require the carrier to render it impossible for a passenger to injure himself. When the carrier has exercised the highest degree of care to render its service safe, its duty has been discharged, and it is not liable for an injury to a passenger, however free that passenger may be from contributing to his injury. In discharging this high duty of care to its passengers, the carrier is only required to anticipate what is likely to be done by some passenger under the circumstances then existing. St. L. & S. F. R. Co. v. Dyer, 115 Ark. 262, 170 S.W. 1013.

Under the above rules and the facts of this case, to hold that the carrier was guilty of negligence would, in our opinion, have the effect of making the carrier the insurer of its passenger, which should never be done. It is our opinion that the jury's verdict will not support a judgment for appellant, since the only finding of negligence by the jury does not, as a matter of law, constitute negligence on the part of the carrier.

■ The fourth and last assignment of error raises the question of misconduct of the jury. The misconduct complained of is that the jury, after they had received instructions of the court and had retired to deliberate upon their verdict, discussed among themselves the effect of their answers, and in rendering the verdict rendered the same upon the general finding of the jury upon the ultimate result of the cause rather than specific answers to each special issue submitted. Only one juror testified to such misconduct, and, while his testimony on direct examination, standing alone, might be sufficient under the authorities to constitute misconduct, yet on cross-examination his evidence, we think, shows conclusively that there was no misconduct on the part of the jury.

We are cited to the case of Bradshaw v. Abrams (Tex.Com.App.) 24 S.W.(2d) 372, as supporting appellant's contention that misconduct of the jury was shown. We do not regard the facts of this case as coming within the rule announced in the above case, and we overrule the assignment on the authority of Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.(2d) 770, wherein it was held that, where only one juror testified as to misconduct, and his evidence on direct examination showed misconduct while his evidence on cross-examination showed there was no misconduct, the court was authorized to find that no misconduct was shown.

Finding no error in the record, the judgment of the trial court will be affirmed.