### ALLCORN v. FORT WORTH & R. G. RY. CO.

#### No. 8763.

Court of Civil Appeals of Texas. Austin.
Nov. 23, 1938.

Rehearing Denied Dec. 21, 1938.

Callaway & Callaway, of Brownwood, for appellant.

McCartney, McCartney & Johnson, of Brownwood, and Allen & Gambill, of Fort. Worth, for appellee.

BAUGH, Justice.

The appellant, a rural mail carrier in: Brown County, sued appellees for damages. resulting from a collision between his automobile and a motor car, or motor propelled, hand car, of appellee, at and upon a public. road crossing of the railroad near the City of Brownwood, on January 8, 1937. Trial. was to a jury upon special issues, and upon their answers thereto judgment rendered. for the Railway Company; hence this ap-- peal.

The first contention made by appellant is. that the court erred in refusing to submit a.

requested special issue, grouping certain facts alleged to constitute negligence pleaded by him and in support of which competent evidence was introduced. The issue requested was whether appellee's servants failed to slacken the speed of the motor car as it approached said crossing so as to be able to stop it before reaching the crossing had they so desired.

It is now a settled rule that either party is entitled to have submitted any fact or group of facts, if supported by pleading and evidence, which would constitute a complete ground of recovery or a complete defense. But it is not necessary, nor proper, to twice submit the same issue in different form or in different language. The requested issue complained of was, we think, clearly included in the fourth issue submitted, wherein the jury was asked whether appellee's servants "as they approached the crossing in question failed to use ordinary care to reduce its speed and bring it under reasonable control for such emergency, if any, as might reasonably have been expected at such crossing, under the facts and circumstances shown by the evidence"?

The issue as submitted, and without objection, properly presented the question of negligence in that regard and sufficiently embodied the issue requested. It was not error, therefore, to refuse to submit such issue again in another form. 41 Tex.Jur. § 246, p. 1051.

Appellant also insists that it was error to submit in one issue the amount of appellant's damages for pain, suffering, and loss of earning capacity; and that these elements of damage should have been submitted separately. The court properly submitted the issue of damages. It would have been error to submit such elements separately. International-G. N. Ry. Co. v. King, Tex.Com.App., 41 S.W.2d 234; Texas Cities Gas Co. v. Ellis, Tex.Civ.App., 63 S.W.2d 717; Texas Utilities Co. v. Dear, Tex.Civ.App., 64 S.W.2d 807.

Appellant further contends that the trial court erred in excluding testimony offered that the Railway Company's rules required, and it was the custom, to bring hand cars or motor cars to a complete stop at public highway crossings. This testimony was sought to be elicited from one of the employees of the Railway Company who was on the motor car at the time of the collision; and from appellant himself.

In so far as the issue of primary negligence of the Railway Company on the grounds of its failure to observe its custom to stop, or its rules in that regard, is concerned, we think the testimony was properly excluded, for the reason that appellant had pleaded specific acts of negligence as making the Railway Company liable; but had not pleaded, as a ground of liability, failure to observe its custom to so stop its motor cars, nor breach of any company rule to do so. Having pleaded specific acts as constituting negligence the general rule is that the proof is confined to the grounds alleged, as are the issues submitted to the jury. Cameron County Water Imp. Dist. v. Fly, Tex.Civ.App., 35 S.W.2d 504; Gulf, C. & S. F. Ry. Co. v. Baldwin, Tex.Civ. App., 2 S.W.2d 520; 30 Tex.Jur. § 117, p. 789, § 124, p. 797.

However, the Railway Company defended on the grounds of contributory negligence of appellant, among other things, in that he failed to keep a proper lookout, and failed to stop his automobile before going upon the railroad track. In that regard his contributory negligence must be determined by ordinary care and prudence on his part in the light of the surrounding circumstances, and of his knowledge and appreciation of the dangers involved. If, therefore, the appellant knew that it was the custom of the Railway Company's employees to stop motor cars at highway crossings, or that the Railway Company's rules required them to stop, these facts were, we think, clearly admissible on the issue of his contributory negligence in not bringing his automobile to a stop, and to enable the jury to determine what constituted ordinary care on his part in keeping a proper lookout, and whether in the exercise of such care, with the knowledge he possessed, he should have stopped his automobile before going upon the railroad tracks. 30 Tex.Jur. § 94, p. 761, § 154, p. 833.

The next question presented asserts an irreconcilable conflict in the findings of the jury on the issues of contributory negligence of appellant. Since we have reached the conclusion that the case must be reversed because of misconduct of the jury, we deem it unnecessary to discuss this question as a determination of it would be of no value upon another trial.

We come now to the issue of misconduct of the jury. This was gone into at length in a hearing upon the motion for a new

trial. We have read carefully the testimony of the jurors adduced upon that hearing and brought up as a part of the record. We shall not undertake to detail the testimony here. But the following résumé of what transpired is not substantially controverted:

■ The case was submitted to the jury on 21 special issues. The first 14 (except the 8th, which involved the question of discovered peril) related to the alleged negligence of the Railway Company; those numbered from 15 to 20 related to alleged contributory negligence of appellant; and No. 21 submitted the issue of unavoidable accident. The argument was concluded on Saturday afternoon late and the jury separated until Monday morning. When they then convened, and contrary to the court's instructions, they first undertook to determine whether plaintiff should recover damages against the Railway Company. Nine jurors concluded that he should and three that he should not. No progress was made towards answering any of the special issues on Monday. On Tuesday all jurors, except perhaps one, agreed that plaintiff should recover some damages, but the amounts the various jurors favored were widely divergent. It was then suggested that each juror indicate on paper the amount he favored, all of these amounts were then added up and divided by 12, and the quotient was found to be something over $2,400. After some discussion, in order to make the sum "in round numbers," $2,500 was agreed upon. While there is some discrepancy in the testimony of the jurors on cross examination as to details, we think the testimony, taken as a whole, clearly if not conclusively shows that after the above recited conduct occurred, the jury then undertook to, and did, answer the first 14 issues, excepting the 8th, so as to carry out the agreement reached.

When the issues of contributory negligence of appellant were reached, nine of the jurors concluded that under the evidence appellant was not guilty of any of the acts inquired about as constituting contributory negligence; and three jurors concluded that he was. The matter of whether answers of these issues finding appellant guilty of contributory negligence would, after their answers to issues 1 to 14 (except No. 8), prevent a recovery of damages by appellant was freely discussed by the jurors, and one of the jurors, when they reported to the trial judge on Tuesday afternoon, specifically asked whether or not answering the issues relating to contributory negligence of appellant would prevent his recovery of damages against the Railway Company. The court declined to answer the query and referred them to the charge. On Wednesday morning, however, the matter was again discussed among the jurors and the opinion expressed that because of the answers finding the Railway Company guilty of negligence in the respects alleged, it was immaterial how the six questions were answered. It conclusively appears, we think, that the answers against appellant on the issues of contributory negligence did not reflect the verdict of at least nine of the jurors, and did not constitute their findings from the evidence. But that on the contrary such answers were agreed to by them upon the representations of one or more of the jurors that the answers to such issues were immaterial, and were assented to by those who disagreed with such answers only for the purpose of preventing a hung jury and that the jurors might be discharged and go home.

The above outlined facts and circumstances, which in the main are without substantial dispute, clearly constituted material misconduct requiring a reversal.

■ A quotient vote of the jurors in an effort to arrive at and compare their differences, in the absence of any agreement among them to be bound by it, and a subsequent verdict by them based upon the evidence, is not such misconduct as to require a new trial. Waggoman v. Ft. Worth Well Machinery & Supply Co., 124 Tex. 325, 76 S.W.2d 1005; Yellow Cab Corp. v. Halford, Tex.Civ.App., 91 S.W.2d 801. While the testimony as to such agreement in advance to abide the result of such vote is not conclusive, it strongly indicates that such was its purpose and effect, and that the jury did in fact substantially base their verdict on the result. At any rate the testimony on the motion for a new trial by no means negatives such an agreement; but on the contrary strongly indicates that it was made.

■ It is now settled that if a jury in advance determines to find for either party, and then undertakes to answer special issues so as to accomplish that result, it constitutes misconduct requiring a reversal. Gulf, C. & S. F. Ry. Co. v. Harvey, Tex. Com.App., 276 S.W. 895; Bradshaw v. Abrams, Tex.Com.App., 24 S.W.2d 372; Monkey Grip Rubber Co. v. Walton, 122

Tex. 185, 53 S.W.2d 770; Waggoman Case, supra. That this is what occurred in the instant case, we think there can be little doubt.

And where findings on contributory negligence are made, not based upon the evidence, but upon the belief and representation of some of the jurors that such answers, whether affirmative or negative, will not affect the plaintiff's recovery of damages, such a verdict cannot stand. Walker v. Quanah, A. & P. Ry. Co., Tex. Com.App., 58 S.W.2d 4. This last cited case (opinion approved by the Supreme Court) is practically on all fours with the instant case.

The other questions raised by appellant need not occur upon another trial and we pretermit a discussion of them here. For the reasons stated the judgment of the trial court is reversed and the cause remanded for another trial.

Reversed and remanded.