DAVID A. TROUSDALE, JR., V. TEXAS & NEW ORLEANS RAILROAD COMPANY

No., A-4570. Decided February 16, 1955.
Rehearing overruled March 30, 1955.
(276 S.W. 2d Series 242)

232

*Elmer Ware Stahl, A. R. Sohn* and *Robert B. O'Connor,* all of San Antonio for petitioner.

The Court of Civil Appeals erred in holding that the established misconduct of at least one juror in stating "that the answers (on liability) were immaterial after the damage issue was answered," did not cause petitioner to suffer probable injury. Wagner v. Riske, 142 Texas 337, 178 S.W. 2d 117; South Texas Cotton co-op. Ass'n. v. Burges, 103 S.W. 2d, 1095, 1097, Stehling v. Johnston, 32 S.W. 2d 696, writ refused.

*Baker, Botts, Andrews & Shepherd,* of Houston, and *Brewer, Matthews, Nowlin & Macfarlane,* of San Antonio, for respondent.

Based on a consideration of the whole case it did not appear that the jurors were controlled and influenced by the statement of one juror that certain issues were immaterial rather than by the record and proper deliberation of the jury. Barrington v. Duncan, 140 Texas, 510, 169 S.W. 2d 462; Traders & Gen. Ins. Co. v. Lincecum, 130 Texas 220, 107 S.W. 2d 585; Pryor v. New St. Anthony, 146 S.W. 2d 428.

MR. JUSTICE CULVER delivered the opinion of the Court.

Petitioner's suit is one for personal injury. Issues of negligence and unavoidable accident were resolved against him by the jury. Judgment having been entered for respondent, petitioner filed motion for new trial based only on jury misconduct, which was overruled. On appeal, affirmance was ordered by the Court of Civil Appeals. 264 S.W. 2d 489.

The trial court on request, filed comprehensive and complete "findings of fact and conclusions of law." He found, inter alia, that the answers to the negligence and unavoidable accident issues were all agreed to on one day and that the discussion on the amount of damages took place on the following morning, before returning the verdict at 10:30 A.M.; that only two ballots were taken on the negligence issues, the first ballot resulting in a vote of ten negative and two affirmative votes; "that the juror, Gring, expressed the opinion in accordance with his honest belief that he did not think it would make any difference, that he did not think that the railroad would have to be found negligent for the plaintiff to be awarded the money"; that thereafter two jurors voted "no" to the negligence issues; that no improper statements were made in connection with the jury's consideration and vote on the unavoidable accident issues.

■ All twelve jurors were summoned and testified. The statement of facts on this hearing consists of 250 pages. Much of this delves into the mental processes of the jurors, what the individual members of the jury thought, believed and understood and not surprisingly so because of the ofttimes difficulty in distinguishing between an overt act and a mental process and the natural tendency on the part of counsel to bring out everything which he thinks will help his case. A somewhat more careful application of the rule, however, would avoid inquiry into the mental processes of the jurors and confine the testimony to overt acts. Traders & General Insurance Co. v. Lincecum, 130 Texas 220, 107 S.W. 2d 585.

■ In this connection it may be shown that in the two affidavits attached to the motion for new trial made by two of the jurors, this identical language in each appears:

"I and the rest of the jurors thought that when we answered the issues 'No' that we were still showing negligence on the part of the railroad and also the engineer and I thought that Trousdale would surely collect around $24,000.00. * * *."

Of course that statement involves clearly a mental process and such testimony is not admissible. But such a statement in the affidavit could properly, we think, be used as an aid in evaluating the testimony given by these jurors and testing the credibility of the witnesses, on the motion for a new trial.

In a full discussion of the facts and an able review of the authorities on misconduct the Court of Civil Appeals reached the conclusion that the complaining party did not discharge the burden of showing probability of injury. We are of the opinion that this appraisal is correct and that the judgments of the court below should not be disturbed.

Petitioner's contention is that probable injury resulted to petitioner where, after the damage issue was answered and during the discussion of the "negligence issues" the jury being divided on the answers thereto, one or more jurors informed the others that it would not be necessary to find that respondent was negligent, for petitioner to be awarded the amount of money already agreed upon by the jury and that the Court of Civil Appeals erred in holding that the established misconduct of at least one juror in stating that the answers were immaterial after the damage issue was answered, did not cause petitioner to suffer probable injury. Whether of particular importance or not, it is to be noted that the trial court found that all discussion pertaining to negligence issues was completed before the amount of damages was determined.

■ The adoption of Rule 327, T.R.C.P., in 1939 effected a considerable change in what had theretofore been the law. Formerly under Art. 2234, Rev. St. of Texas 1925, the rule was that once misconduct is shown, if there was a reasonable doubt as to the effect, the doubt must be resolved against the verdict and a new trial granted. Moore v. Ivey, Texas Com. App., 277 S.W. 106. Bradshaw v. Abrams, Texas Com. App., 24 S.W. 2d 372.

The rule now provides:

"\* \* \* may grant a new trial if such misconduct proved, or the testimony received, or the communication made, be material, and if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party."

A number of the cases cited by petitioner were tried before the effective date of Rule 327, and thus applied the test of "reasonable doubt" which no longer prevails, such as Traders & General Insurance Co. v. Lincecum, 130 Texas 220, 107 S.W. 2d 585, 588; Southern Traction Co. v. Wilson, Texas Com. App., 254 S.W. 1104; Walker v. Quanah, A. & P. Ry. Co., Texas Com. App., 58 S.W. 2d 4.

In Pryor v. New St. Anthony Hotel, (Texas Civ. App.) 146 S.W. 2d 428, 431, reversal was had because it could not be said that no injury resulted "beyond a reasonable doubt." Petitioner relies on the rule stated therein as follows:

"It is a settled rule of law in this state that to induce a juror to change his answer to a material issue, by representation on the part of other jurors that it is immaterial how such issue is answered, insofar as plaintiff's recovery is concerned, constitutes misconduct on the part of the jury."

We do not understand that the decision of the Court of Civil Appeals in our case holds to the contrary of that rule, but rather decides in effect that petitioner has not shown that the representation or statement made by the juror in this case induced any other juror to change his answer and thereby fails to disclose that injury probably resulted to the petitioner.

In Maryland Casualty Co. v. Hearks, 144 Texas 317, 190 S.W. 2d 62, 64, the rule is given:

"The mere fact that the jurors discussed the fact that the issues would have to be answered in a given way if the employee was to recover is not alone sufficient to constitute misconduct of the jury. It must also appear that the jury designedly attempted to frame the answers to the issues so as to accomplish such a result."

This suit is based upon two separate accidents. It was alleged that the first resulted from plaintiff stepping upon a decayed rotten board which gave way causing him to fall. The first ten issues concerned this accident. The jury having found that the

board was not decayed, in accordance with the court's instruction, did not answer any of the corollary issues.

On the second accident the first issue (No. 10a) inquired as to whether or not the engineer applied braking power to the engine alone. This is the issue which the court refers to in speaking of the jury being divided 10 to 2. It is the issue the jurors were considering when the statement was made by the juror, Gring. Strictly speaking the jury was at the time not considering the question of negligence. That question was not reched. Dependent upon answering the issue in the affirmative, it was inquired (a) if application caused a sudden and unusual jerk, (b) if such application of braking power was negligence, (c) if it was the proximate cause. The jury having answered the first question in the negative the remainder were not answered.

Three following issues were answered (1) that the engineer did not operate the engine at a greater rate of speed than ordinary care; (2) that the train was not being operated at a speed in excess of 15 miles per hour, and (3) that the engineer did not fail to have the engine under proper control.

In answer to separate issues worded identically both accidents were found to be "unavoidable." In each, the usual instruction was given that an "unavoidable accident" is one not proximately caused by the negligence of either the plaintiff or the defendant's agent, servants or employees. The trial court found that there were no improper statements made in connection with the juror's consideration and vote thereon.

The question decided by the Court of Civil Appeals is this: Does it "reasonably appear" that the statement made by Gring, and such discussion as was had thereon, "probably resulted" in injury to the complainant in inducing the two jurors to change their vote. A determination of this question is to be made in the light of the entire record. Barrington v. Duncan, 140 Texas 510, 169 S.W. 2d 462.

The trial court found that only two ballots were taken on the issue 10a. On the first ballot the vote was 10 to 2 for answering the issue in the negative. The jurors, Page and Zamorra, were the two voting in the affirmative. After the statement was made by the juror, Gring, these two jurors, Page and Zamorra, voted with the other ten on the second ballot to answer the issue in the negative.

■ Even though it may appear from the record that the statement of Gring was followed by some discussion of the matters pro and con we do not believe that petitioner has discharged the burden of showing that probable injury resulted or, more specifically, that the change in the vote of the jurors, Page and Zamorra, was induced by the statement and resulting discussion.

In the first place the statement by Gring was an expression of an opinion and so stated to be by him. On the other hand both Page and Zamorra expressed contemporaneously an opinion to the contrary. No reasons were advanced or given by Gring to convince Page and Zamorra of the correctness of his contention.

Page attributes to juror, Crawford, a statement similar to that made by Gring. This was denied by Crawford although he admitted saying that the accident was an occupational hazard. The trial court agreed with Crawford's version.

There is also the natural inclination on the part of small minority to go along ultimately with the majority. Again, there is a fact that the jury found both accidents to be "unavoidable" and the trial court found that no improper statement was made by any juror in connection with the issue "unavoidable accident."

We think also in arriving at the probability of injury to the petitioner there may be taken into consideration the pleadings, the three weeks spent in the introduction of testimony pro and con on the issues of negligence, the 27-issue charge, and the instructions of the court, all issues except one or two relating to the question of negligence and the eight hours of argument during the course of which the attorneys on each side stressed vigorously the testimony as bearing on the issue of negligence. Weighing all these factors it does not seem probable that the two jurors were convinced that all the issues were immaterial except the one on the amount of damages. In holding that the petitioner does not show that injury probably resulted to him, we think the Court of Civil Appeals did not err.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered February 16, 1955.

MR. JUSTICE GRIFFIN joined by JUSTICES GARWOOD, CALVERT and SMITH dissenting.

The majority opinion holds that probable injury is not shown by conduct on the part of the jurors which the opinion admits constitutes misconduct. I cannot agree that the plaintiff has not shown that he suffered probable injury as a result of such admitted misconduct. Since the happening complained of by the petitioner is admitted by all courts, including the trial court, to be misconduct on the part of the jury, I shall confine my remarks to the question of whether or not "* * * * it reasonably appears from the evidence both on the hearing of the motion (for new trial) and the trial of the case and from the record as a whole that injury probably resulted to the complaining party," as is provided in Rule 327, Texas Rules of Civil Procedure.

We agree with the majority opinion that the burden is upon the complaining party to establish by a preponderance of the evidence that the misconduct probably resulted in injury to him. Barrington v. Duncan, 140 Texas 510, 169 S.W. 2d 462, Rule 327, T.R.C.P. Under the evidence introduced upon the hearing on the motion for new trial, and looking to all the proceedings had in the trial court, there is no escape from the conclusion that injury is shown which will require a reversal of the judgments of both courts. Prior to the admitted misconduct of the jury, the foreman, one Gring, stated that, in his opinion, it was immaterial how the jury answered the issues on negligence of defendant because the plaintiff would recover damages regardless of how such negligence issues were answered. At the time the statement was made the jury stood 10 for a negative answer to such issues and two for an affirmative answer. After the statement was made and after a discussion of such statement was had by many of the jurors—including the two who had voted in the affirmative—the two who had been for affirmative answers to the negligence issues changed their votes to negative votes, thus making a unanimous finding of no negligence. It is an admitted fact that at the time Gring made his statement, and the discussion thereof was had, the jury had been unable to agree on answers to the negligence issues, but had agreed upon the answer to the amount of damages suffered by the plaintiff. They had agreed this amount of damages was the sum of $24,000.00 After being assured by Gring and having discussed that how they voted on the negligence issues would not have any effect, these two jurors then voted "no" on the negligence issues. The majority opinion argues that these two might have come over to a "no" answer even without Gring's Statement, and this is assigned as one reason for holding no error. This is mere speculation, as the facts show the two jurors

changed their vote only after the statement and discussion, and without great delay.

Neither do I agree that the fact that this cause had taken three weeks in which to introduce the testimony, nor that the charge contained 27 issues, nor that the attorneys took eight hours of argument in submitting the case shows that plaintiff suffered no probable injury by the jury misconduct. To hold they do have such bearing is to hold that if the pleadings are voluminous, the trial and argument long, and the charge lengthy, all misconduct of the jury during its deliberations is cured, and no error results. The misconduct of the jury occurred only after all trial matters had been completed. The question of negligence of the defendant was a bitterly contested issue, and the evidence thereon was such that reasonable minds could well differ as to the conclusion to be drawn therefrom, and the answers to be returned to the negligence issues.

I cannot comprehend how any action on the part of a jury could be more harmful to a litigant than for such statement and discussion to cause such litigant to suffer a verdict adverse to him. This was injury going to the very heart of plaintiff's cause of action and her right to recover therefor.

Although the following cases were decided under the old rules of civil procedure, and although the burden of showing error has been placed upon the complaining party by the new rules, I believe the reasoning of these cases requires a holding that probable error resulted from the overt act of misconduct present in this case. Abrams v. Bradshaw, Texas Civ. App., 2 S.W. 2d 917, affirmed by Supreme Court, Texas Com. App., 24 S.W. 2d 372; Harvey v. Gulf, C. & S. F. Ry. Co., Texas Civ. App., 261 S.W. 197, affirmed by Supreme Court, Texas Com. App., 276 S.W. 899; Walker v. Quanah Ry. Co., Texas Com. App., 58 S.W. 2d 4; Warnack v. Conner, Texas Civ. App., 74 S.W. 2d 719, no writ history, approved in City of Amarillo v. Huddleston, 137 Texas 226, 152 S.W. 2d 1088; Figula v. Ft. Worth & D. C. Ry. Co., Texas Civ. App., 131 S.W. 2d 998, error ref.; Allcorn v. Fort Worth Ry. Co., Texas Civ. App., 122 S.W. 2d2d 341, error ref.; Dwyer v. Southern Pacific Co., Texas Civ. App., 141 S.W. 2d 961, error dism. cor. judgm.; Harkins v. Mosley, Texas Civ. App., 134 S.W. 2d 706, no writ history; Mann v. Cook, Texas Civ. App., 11 S.W. 2d 572, no writ history; Coons v. Culp, Texas Civ. App., 278 S.W. 914, no writ history; Pryor v. New St. Anthony Hotel Co., Texas Civ. App., 146 S.W. 2d 427, error ref.

Ford v. Carpenter, 147 Texas 447, 216 S.W. 2d 558, 561, upon the point involved stated that if the issue is answered by a juror with the distinct purpose that his answer shall have a preconceived legal effect, he violates the clear intention of Rules 277 and 327, Texas Rules of Civil Procedure. That case also says no misconduct of a juror is involved "if he considers each special issue without regard to the legal effect of the answer to be made, but solely from the viewpoint of arriving at the correct conclusion under the evidence." In that case all issues covering the negligence of the defendant proximately causing plaintiff's injuries had been answered prior to the discussion involved. In our case no one of the issues on negligence had been answered prior to the discussion. A reading of the record conclusively demonstrates that the two jurors who changed their answers on issues as to defendant's negligence from "yes" to "no" were answering the issues without regard to the evidence, but solely in order that plaintiff might recover. This very fact convinces me that Gring's statement that, in his opinion, it made no difference upon the plaintiff's right of recovery how the jury answered the negligence issues constituted harmful misconduct, and that a fair trial was not had in this case.

I believe there can be no escape from the conclusion that the "overt act" of misconduct which is established by the evidence, and which act is admitted, caused "probable injury" to plaintiff and I would reverse the judgment of the trial court and the Court of Civil Appeals and remand for a new trial.

Opinion delivered February 16, 1955.

Rehearing overruled March 30, 1955.