Joe **HERNANDEZ** et ux., Appellants,

v.

**A. CASTILLO,** d/b/a Mission Funeral Home, Appellee.

No. 13197.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 8, 1958.

Rehearing Denied Feb. 5, 1958.

James L. M. Miller, San Antonio, for appellants.

House, Mercer & House, James D. Cunningham, San Antonio, for appellee.

POPE, Justice.

Appellants filed a motion to retax costs on the plea that they complied with Rules 377 and 377–a, Vernon's Ann.Tex.Rules of Civil Procedure. Appellee demanded a complete statement of facts. Our examination of the record shows that appellants filed with the clerk of the trial court a statement of the points on which they intended to rely on appeal. Rule 377–a. Appellants primarily complained about the finding on a single special issue which was answered against them. They stated that the finding was against the overwhelming preponderance of the evidence, and was supported by no evidence. However, they complain further that defendant was guilty of gross negligence as a matter of law, and was also guilty of gross negligence for driving into a red signal light.

■ The testimony which appellants sought to omit from the statement of facts included that of a traffic engineer who testified about the sequence of signal lights. That was a disputed evidentiary matter. Appellants asked that the testimony of a commercial photographer and a witness named Luna be omitted. Their testimony described the interior of the ambulance in which Mrs. Hernandez was injured. In their designation of the portions of the statement of facts desired, appellants listed the subjects, including such items as the testimony of witness Benigna Hernandez, wherein she testified about the plaintiff's being thrown from the stretcher inside the ambulance. If that be important for appellants, the full situation inside the ambulance was also important. Appellants requested that sixty-two pages of medical testimony be omitted. Since no points complained about injuries and damages, these should not be charged against appellants. Trousdale v. Texas & N. O. R. Co., Tex. Civ.App., 264 S.W.2d 489, 497, affirmed, 154 Tex. 231, 276 S.W.2d 242.

■■ We observe that the request for the abbreviated record calls upon the court reporter to study the statement of facts and pass judgment upon and select the evidence which relates to the numerous subjects itemized by appellants. This request imposes upon the reporter more that is his duty. His duty is to transcribe a correct record, but not to exercise judgment on what evidence is relevant and material to disputed points. That is the function of the courts. When one desires an abbreviated record, he should make his request by naming witnesses, or at most by asking for the direct or cross-examination portions of the testimony of named witnesses. Otherwise, in a case depending upon circumstances and inferences, the appellants impose upon the court reporter the burden of determining what is a proper inference or circumstance.

The costs of the sixty-two pages of medical testimony are adjudged against the appellee, and the mandate should be recalled, corrected and amended to that extent only.