Clifford **FUNKHOUSER**, Appellant,

v.

**MISSOURI–KANSAS–TEXAS RAILROAD COMPANY**, Appellee.

No. 14018.

Court of Civil Appeals of Texas

San Antonio.

May 16, 1962.

Rehearing Denied June 13, 1962.

Rudy Rice, Frank R. Southers, San Antonio, for appellant.

Groce & Hebdon, San Antonio, for appellee.

PER CURIAM.

Appellant has undertaken to appeal with a partial statement of facts. Appellee filed a motion to strike the statement of facts. Appellant did not file his statement of points as a basis for a partial record, under Rule 377(a), Texas Rules Civil Procedure, until the fifty-sixth day after order overruling motion for new trial, on February 23, 1962. He has never ordered any additional portion of the statement of facts. His designation of points shows that he complains that there is no evidence, and alternatively that the findings are against the great weight of the evidence with regard to eleven findings of the jury. Those findings include all issues of primary negligence, the unavoidable accident issue, the sole cause issue, and damages. He also has a point of complaint that the jury committed misconduct. In other words, he complains of the state of the evidence for the entire case. The record was estimated to embrace about 500 pages, not counting the misconduct hearing. Appellant filed a record containing sixteen pages for the trial and thirty-three pages for the misconduct hearing. For an appellate court to determine whether misconduct is harmful, it must examine the whole case. Rule 327, T.R.C.P., Trousdale v. Texas & New Orleans Railroad Co., 154 Tex. 231, 276 S.W. 2d 242. It is apparent that the record is insufficient and that there has been a lack of diligence in ordering the record. Couch v. City of Richardson, Tex.Civ.App., 313 S.W.2d 949; Gee v. Smith, Tex.Civ.App., 294 S.W.2d 415. The motion to strike the statement of facts is granted and the appeal is dismissed.

BARROW, J., not participating.